58 So.2d 155 (1952)
KERSEY
v.
STATE.
Supreme Court of Florida, en Banc.
March 18, 1952.
Rehearing Denied April 25, 1952.
*156 Frank Clark, Jr., Miami, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
In August 1950 agents of the Beverage Department secured information that appellant was handling moonshine whiskey. They spotted him traveling on Highway 27 in Broward County, pursued him into Dade County where they blocked the road in his front and rear, arrested him and searched his car without a search warrant. They found a quantity of contraband liquor in the car which they confiscated and filed an information charging him with removing and concealing moonshine whiskey on which the excise tax had not been paid.
At the trial defendant moved to suppress the evidence on the ground that the seizure was unlawful, that it was made without authority of law for the purpose of discovering contraband whiskey or to secure evidence on which to prosecute defendant in a criminal action. It does not appear what disposition was made of the motion to suppress the evidence but when the case came on for trial evidence was taken and defendant was found guilty of "defrauding the State of Florida of an excise tax on moonshine whiskey in violation of Section 562.32, Florida Statutes 1949, F.S.A.," and sentenced to six months in the State penitentiary. This appeal was prosecuted.
The only question we feel called on to consider is whether or not the trial court committed error in refusing to suppress the evidence.
The physical evidence was a sample of the contraband liquor taken from the quantity found in appellant's automobile at the time he was arrested. The officers who made the arrest and search testified as to the find, but it was affirmatively shown that no traffic laws were violated. The trial court apparently proceeded on the theory that appellant had a previous criminal record, that the Beverage Department had been tipped off that he was selling moonshine whiskey and would be on Highway 27 about the time he was arrested, that he was caught in the act and that his arrest, the search of his automobile and seizure of the contraband whiskey was under the circumstances in compliance with the statutes of this State and decisions of this court, particularly Longo v. State, 157 Fla. 668, 26 So.2d 818 and Brown v. State, Fla. 46 So.2d 479.
The Longo and Brown cases turn on the proposition of whether or not the search and seizure was an "unreasonable" one as contemplated by the Fourth Amendment to the Federal Constitution. The right to search a motor vehicle is distinct from the right to arrest the driver or other occupants and depends on probable cause. The governing law is embraced in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, which was adopted as the law of Florida governing the search of automobiles without warrant. Chapter 12257, Acts of 1927, Section 933.19, Florida Statutes 1949, F.S.A.
We are conscious of the law authorizing police officers to arrest one without a warrant who commits a crime in his presence, but we do not understand that such a law authorizes him to block the highway in front of one who is lawfully traveling it and take him in custody on nothing more than a bare suspicion that he is violating the law. This court is committed to the doctrine that an officer without a search warrant or warrant of arrest, has no right to stop one on the public highway, particularly in the night time, and demand that he surrender what he has in his possession. Tillman v. State, 81 Fla. 558, 88 So. 377; Thurman v. State, 116 Fla. 426, 156 So. 484; Haile v. Gardner, 82 Fla. 355, 91 So. 376; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652.
In addition to the foregoing cases, other State and Federal decisions support this rule. It is accordingly our view that the arresting officers exceeded the allowable *157 liberty of authority vested in them account of which the evidence was illegally secured and the arrest was unreasonable. It follows that the motion to suppress should have been granted.
Reversed.
SEBRING, C.J., and CHAPMAN, HOBSON and MATHEWS, JJ., concur.
THOMAS, J., dissents.
ROBERTS, J., not participating.