**ENG FUNG JEM, Appellant,**

v.

**UNITED STATES of America,**
Appellee.
No. 16644.

United States Court of Appeals
Ninth Circuit.
Aug. 10, 1960.

Sheela & O'Laughlin, Barton C. Sheela, Jr., San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

STEPHENS, Circuit Judge.

Collaborating state and federal law enforcement officers were told by an allegedly reliable but unidentified informer that narcotics could be found in a hotel room which appellant was and had been occupying for several days in El Centro, California. Without a warrant or permission of any kind these officers gained entrance to and searched appellant's room, discovering and seizing some narcotics. Eng was subsequently arrested, tried and convicted for violating 21 U.S. C.A. § 174 (unlawful concealment and reception of narcotics). It is admitted that appellant moved in the trial court to suppress the introduction of the narcotics as evidence. The motion was denied. Appellant has appealed and claims that the ruling constituted reversible error.

The United States defends the lower court's refusal to suppress on the grounds that the officers had probable cause to believe that there were narcotics in appellant's hotel room and that the circumstances of the case entitled them to enter and search the room even though they had neither a warrant nor an intention to arrest appellant. It may be added that the officers knew that appellant was not in the room at the time they entered and searched it. Appellant has claimed ownership of the seized narcotics and his standing to move for suppression is not challenged.

One circumstance which the United States contends justifies the actions of its agents in this case is that the invaded premises consisted of a hotel room rented by appellant as a transient guest. The evidence showed that appellant had occupied the room for but a few days and was planning to leave town soon after the hour when the officers made their entry. The government's argument is that the constitutional inhibitions upon a search without a warrant apply with less stringency to a hotel room transiently occupied than to a residence adopted with some degree of permanence.

Concededly, "probable cause for belief that certain articles subject to seizure are in a dwelling cannot of itself justify a search without a warrant." Jones v. United States, 1958, 357 U.S. 493, 497, 78 S.Ct. 1253, 1256, 2 L.Ed.2d 1514; Agnello v. United States, 1925, 269 U.S. 20, 33, 46 S.Ct. 4, 70 L.Ed. 145; Taylor v. United States, 1932, 286 U.S. 1,

52 S.Ct. 466, 76 L.Ed. 951. This principle has been applied to searches of a defendant's hotel room, Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; of a hotel room not rented by the defendant but used by him on occasion with the consent of its occupants, United States v. Jeffers, 1951, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59, and of a room in a boarding house, McDonald v. United States, 1948, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153. These cases rule the instant case. The transience of appellant's stay in the room searched by the officers does not dilute the force of constitutional protection. The hotel room in question was appellant's dwelling. That he lived there for but several days is of no consequence. Surely the guarantees of the Fourth Amendment may not be compromised by nice distinctions as to the length of time a defendant remains as a guest of the hotel at which he is stopping. The right to privacy must be accorded with equal vigor both to transient hotel guests and to occupants of private, permanent dwellings.

The United States also urges that since appellant was about to vacate his hotel room and leave town, thereby rendering the narcotics subject to imminent removal, a search without a warrant was justified. See United States v. Jeffers, supra, 342 U.S. at page 51, 72 S.Ct. at page 95. The Jeffers case effectually answers this argument. There the Supreme Court said that the officers "could have easily prevented any such destruction or removal by merely guarding the door. Instead, in entering the room and making the search for the sole purpose of seizing respondent's narcotics, the officers not only proceeded without a warrant or other legal authority, but their intrusion was conducted surreptitiously and by means denounced as criminal." Id., 342 U.S. at page 52, 72 S.Ct. at page 95. Nor can the government rely on Carroll v. United States, 1924, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 and kindred cases dealing with the right to search a moving automobile. Relaxation of the need to secure a warrant as a prerequisite to searching a moving vehicle stemmed from the impracticality of compelling police to control the vehicle while a warrant is being sought, see Henry v. United States, 1959, 361 U.S. 98, 104, 80 S.Ct. 168, 4 L.Ed.2d 134. Similar practical considerations are absent where stationary premises are concerned. See Johnson v. United States, supra, 333 U.S. at page 15, 68 S.Ct. at page 369.

Since, even assuming that the officers had probable cause to enter and explore appellant's hotel room, the search violated the Fourth Amendment, we need not examine the problem of the informer's reliability. We hold that appellant's motion to suppress was wrongfully denied. His conviction is reversed.