PER CURIAM.
This is an appeal from a judgment of forfeiture entered in an in rem action against an automobile pursuant to Section 849.43, Florida Statutes, F.S.A., on the ground that the vehicle had been used in connection with the violation of the lottery laws of this State.
The facts out of which this action arose began to unfold in a motel in Duval County where appellant had rented a room. During his occupancy, Mr. Bateh made and received a number of telephone calls, some of which were overheard by the motel manager who was also operating the telephone switchboard. The tenor of the conversations was such as to convince him that appellant was engaged in the taking and making of monetary wagers on the outcome of athletic contests and numbers lotteries. Being thus convinced, the motel manager called the Florida Highway Patrol and related what he had heard to Sergeant Bate-man of that agency. Additionally, the manager described the occupant making the calls and the vehicle he was driving. Thereupon a radio message was sent to Jacksonville City Detective Captain Starrat who contacted Bateman to receive the report. Captain Starrat called the motel manager who related the facts. From this report and description of the individual and the car, Captain Starrat recognized the appellant as the person involved, having been acquainted with him for twenty years.
Thereafter, Captain Starrat obtained the assistance of a deputy sheriff since the motel was located beyond the city limits and imparted to him the information he had gained. They both proceeded to the motel. Upon approaching, the officers observed the vehicle being driven off the premises with the appellant at the wheel, and they intercepted his automobile and placed him under arrest. Appellant was asked by the officers if they could look into the trunk of the car, and they testified that he said yes and voluntarily handed them the keys. Upon gaining access to the trunk, they found located therein lottery paraphernalia.
The principal contention upon which appellant relies for reversal is that the arrest and subsequent search of the car was illegal and therefore the evidence seized was improperly admitted in evidence to show that the car was used in violation of the lottery laws. First, appellant contends that the arrest was illegal because the arresting officers gained their information *848 upon which they based their probable cause” to make the arrest from an allegedly illegal interception of the telephone conversations by the motel manager. We are not persuaded that the overhearing of the subject conversations, occurring as they did over a business establishment’s switchboard, in any way renders the information gained thereby incompetent to form the basis of the officer’s reasonable cause to believe a violation of the lottery laws was occurring or had been committed. In the case at bar, there was no wire tapping device foreign to the regular and ordinary telephone facility provided to patrons of the motel. On the contrary, it seems to us that with each and every call that went in and out of appellant’s room through the switchboard, he was put on notice that his were not the only ears which could hear the transactions which were occurring. We liken the overhearing which occurred here to that with which we were confronted to Griffith v. State, 111 So.2d 282 (Fla.App. 1st 1959), and hold that it does not render the information gained thereby so constitutionally infirm as to preclude its use, when related to the officers, as basis for probable cause by the latter in making the arrest in the first instance. Chacon v. State, 102 So.2d 578 (Fla.1957).
A fortiori, that the information gained by the motel manager and passed on by him to officers of the State is not within the ambit of protection provided by the Fourth Amendment to the United States Constitution is evident when we note the cases holding that the amendment only proscribes governmental action and does not require exclusion of evidence obtained by a private citizen. See Barnes v. United States, 373 F.2d 517 (C.A. 5th 1967), approving evidence discovered as a result of a motel owner’s self-initiated search.
Having held that the arrest involved in this case has not been shown to be invalid, it follows that the search and the fruits thereof were likewise valid. The trial judge expressly found that the search was made pursuant to appellant’s free consent, and we agree with that finding.
The remaining points raised by appellant have been examined and are found to be without substantial merit.
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS and SPECTOR, JJ., concur.