251 So.2d 38 (1971)
STATE of Florida, Appellant,
v.
Edmond G. EBERT, Appellee.
No. 71-160.
District Court of Appeal of Florida, Second District.
July 30, 1971.
Frank Schaub, State Atty., Sarasota, and Robert L. Shevin, Atty. Gen., Tallahassee, for appellant.
Jim D. Syprett, of Crabtree, Butler, Syprett & Meshad, Sarasota, for appellee.
LILES, Acting Chief Judge.
The State of Florida appeals from a trial court order which granted the motion of the appellee (defendant) to suppress certain evidence.
While on routine patrol in Sarasota County in the early morning hours of March 15, 1970, Deputy Sheriff John Walsh observed the appellee driving his *39 automobile very slowly across a bridge. The appellee was leaning over the passenger side and was apparently attempting to talk with a young lady who was walking across the bridge in the same direction as appellee was driving. Deputy Walsh, after having passed the appellee, determined to investigate this setting further. He drove his patrol car off the bridge, turned around, and proceeded back toward the appellee. He then observed that the young lady was no longer walking; instead, she had disappeared into the car with the appellee. Deputy Walsh then stopped the car and ordered appellee to the rear of the vehicle. He then requested to see appellee's driver's license. At this time, Deputy Walsh detected alcohol on appellee's breath and also noted appellee acting in a manner consistent with intoxication. Deputy Walsh then arrested appellee for driving while intoxicated. Following this arrest, Deputy Walsh searched the person of appellee and found on him a quantity of marijuana.
On April 22, 1970, appellee was informed against and was charged with possession of marijuana. Prior to trial, appellee moved to suppress the evidence, i.e., the seized marijuana. The trial court granted the motion and the State of Florida brought this appeal.
Having examined the law and the facts of this case, we are of the opinion that the evidence seized was not seized as a result of an invalid search and seizure. At no stage does the chain of events which led to the seizure of the evidence present any violation of the guarantees of the Fourth Amendment to the United States Constitution and section 12 of the Florida Declaration of Rights which secure the people against unreasonable searches and seizures.
First, the initial stop and detention of the appellee was not unreasonable. A thorough discussion of the law applicable to detentions, short of formal arrest, was made in Gustafson v. State, Fla.App. 1971, 243 So.2d 615. The court was there, as here, concerned with the validity of stopping a vehicle to interrogate the occupants pursuant to a routine investigation. It was there noted that Florida courts have recognized the validity of the use of detentions which fall short of technical arrest.[1] The objective standard which governs the validity of such a detention is a test as to the reasonableness of the detention. The Gustafson case stated that one test to be applied is as follows:
"`But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers would have had reasonable grounds for their actions. A founded suspicion [supplied] is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.'"[2]
In the instant case, we are of the opinion that Deputy Walsh's initial detention of appellee was reasonable and based on a well-founded suspicion. Deputy Walsh saw a young lady walking alone along a bridge during the early morning hours. A man in a car was driving along beside her attempting to talk to her. When Walsh checked this setting a few moments later the lady had disappeared into the car. Reasonableness would require an officer of the law to investigate such a situation to see if the lady was in any danger. Thus the appellee was lawfully detained.
Second, the subsequent arrest of appellee was valid. Appellee was arrested for driving while intoxicated, a misdemeanor *40 committed in the presence of the police officer. Such a determination was based on probable cause in that alcohol was detected on appellee's breath, appellee's speech was slurred, and his walk was in a peculiar manner.
Third, as an incident to a lawful arrest, Deputy Walsh validly searched the person of the appellee. Florida Statute § 901.21(1), F.S.A., specifically empowers an officer making a lawful arrest to search a person so arrested and to seize anything found on his person or in his possession tending to show a violation of the law. Thus the search of appellee was valid and the consequential seizure of the marijuana was equally valid.
We thus hold that the trial court erred in granting appellee's motion to suppress. We therefore reverse.
HOBSON and McNULTY, JJ., concur.
NOTES
[1] Chance v. State, Fla.App. 1967, 202 So.2d 825; Lowe v. State, Fla.App. 1966, 191 So.2d 303.
[2] Wilson v. Porter, 9 Cir.1966, 361 F.2d 412.