CARROLL, DONALD K., Acting Chief Judge.
The appellant was tried for and convicted of the crime of possession of marijuana and has appealed to this court from the judgment of conviction entered by the Circuit Court for Jackson County.
The principal question presented for our determination in this appeal is whether the court erred in denying the defendant’s motion to suppress the marijuana upon the ground that it was the product of an illegal search and seizure, under the circumstances set forth below.
The defendant waived his right to trial by jury, and the cause proceeded to be heard by the court sitting without a jury. The defendant renewed his objection to the introduction in evidence of the seized marijuana. The defendant was found guilty by the court and placed on probation for five years.
At the hearing on the defendant’s said motion to suppress, the only witness was the arresting officer, a trooper in the Florida Highway Patrol, who testified substantially as follows: He was following a speeding Pontiac automobile in his patrol car about three to five car lengths behind the Pontiac, in which the defendant was riding as a passenger in the back seat; that he, the trooper, turned on his blue overhead light to stop the car ahead from “just suspicion” because the defendant “looked suspicious; ” that, with the aid of che blue light, he saw that the defendant was sitting or kneeling in the back seat attempting to throw, or throwing, a white powdery substance out of the right rear window; that he, the trooper, thought the substance was heroin.
The trooper further testified at the hearing : that the Pontiac came to a stop on the shoulder of the road, and he stopped behind it; that he jumped out of his patrol car and ran up to the Pontiac, opened the driver’s door, and asked him to step out and place his hands on top of his car, which the driver did; that the trooper then “took” the defendant out of the car, searched him, and felt a bulky substance in the defendant’s right pocket, which the trooper pulled out and found that it was “a little cellophane package bag with a substance in it which [the trooper] thought looked like marijuana.” At this time the trooper verbally placed both occupants of the Pontiac under arrest and advised them of their rights.
In our opinion the Circuit Court ruled correctly that the trooper made a reasonable search and seizure of the marijuana under the above circumstances testified to by him at the hearing.
In other words, the Circuit Court sat as the trier of the facts when it determined from the undisputed testimony of the trooper that he had probable cause to believe that the defendant had possession of marijuana, a crime in this state. Besides, the court’s order comes to us with the presumption of correctness.
This view is fortified by a consideration of the modern judicial philosophy recognized by the Supreme Court of Florida in *32 the recent case of State v. Gustafson, 258 So.2d 1 (Fla.1972). In that case Gustaf-son was the driver of a car which a city police officer observed weaving across the line of a road into another traffic lane. The officer stopped the car “to find out why he had been driving that way, if he had been drinking or something.” The officer routinely asked Gustafson for his driver’s license, and the latter responded that he had left the license in his dormitory room in a neighboring city. The officer then arrested him for failing to have a driver’s license. At this point when Gus-tafson was under arrest, the officer searched him and in a cigarette package found in his pocket observed several homemade cigarettes, which turned out to be marijuana. Gustafson was then charged with possession of marijuana. The District Court of Appeal held that this was an improper search and seizure of the marijuana. The Supreme Court quashed the opinion of the District Court of Appeal and said:
“A reasonable suspicion (which was present here) that the driver was intoxicated not only justified stopping the vehicle, but also justified searching for intoxicants or drugs, inasmuch as our statute makes the influence of either an offense. In today’s proliferation of illegal drug use which affects the faculties, checking only for liquors is no longer adequate. The new and devastating use of various drugs in myriad forms (unhappily by drivers in dangerous instru-mentalities) imposes the further duty upon the alert police officer to examine as well for such drugs in their various forms. Statistics are now reporting that 1 in 5 fatal traffic accidents involve the use of intoxicants or drugs. Finding the marijuana cigarettes in the natural place of a cigarette package is no different than finding liquor in a liquor bottle. It is no less a proper search and seizure.” (Emphasis not supplied.)
While the factual situation in Gustafson is not identical to that in the case at bar, the views expressed in the above quotation concerning today’s drug problem, serve to implement our decision to uphold the Circuit Court’s ruling which is the subject of this appeal.
Another question raised by the appellant in this appeal has been considered by us and found to be without substantial merit.
For the foregoing reasons, the judgment appealed from herein must be and it is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.