291 So.2d 253 (1974)
Steve Joel RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. S-403.
District Court of Appeal of Florida, First District.
March 14, 1974.
Hamilton D. Upchurch, Upchurch & Upchurch, St. Augustine, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
BOYER, Judge.
We here consider the propriety of a search and seizure not incident to a lawful arrest nor pursuant to warrant.
On the day of defendant's arrest a deputy sheriff on routine patrol in the company of a cadet in training with the sheriff's department observed an apparently unoccupied car near an unpaved rut woods road, whereupon the deputy turned from the paved county road on which he had been driving and stopped his vehicle in the rut road for the purpose of investigating the apparently abandoned car. While the officer was examining the abandoned car *254 the defendant came upon the scene traveling along the rut road and stopped his vehicle because the officer's car was blocking his way.
The officer testified that the defendant did not appear intoxicated nor did he appear to have violated any law. Had the officer's vehicle not been blocking the rut road there is nothing in the record to suggest that the defendant would have voluntarily stopped nor that he would have been stopped by the officer. However, the defendant, having been forced to stop by virtue of the police vehicle blocking his way, was approached by the officer who asked for defendant's driver's license which revealed that he was 17 years of age. While examining the license the officer observed a bottle of beer under the seat on the passenger's side of the car. No other alcoholic beverage nor contraband was observed. The defendant initially agreed to permit a search of his vehicle but then withdrew that permission. He was then arrested by the officer and requested to follow the police car to the jail while being accompanied by the cadet. The cadet testified that while accompanying the defendant on the way to the jail in the defendant's van no other beer was observed nor was any observable in the vehicle.
A second officer testified that while attempting to lock up the van in the jail his partner discovered a plastic bag containing a grassy substance and he discovered a can of beer on the floor of the van "in plain view." The officers thereupon commenced a search of the vehicle, discovering drugs in the glove compartment which were ascertained to be LSD and marijuana. No search warrant was ever obtained.
An information was filed against the defendant charging him with the possession of a hallucinogenic drug. A motion to suppress the evidence was filed and a hearing was held thereon. The lower court denied the motion to suppress. Upon entry of said order defendant moved to withdraw his previous plea of not guilty and entered a plea of nolo contendere, expressly preserving for appeal the question of the legality of the search.
The principal question, therefore, presented for our determination in this appeal is whether the trial court erred in denying the defendant's motion to suppress the evidence upon the ground that it was the product of an illegal search and seizure, under the circumstances above recited.
At the outset we note that the officers examination of the defendant's driver's license and the initial observation of the defendant was not a result of a routine traffic check. We also observe that there was no relationship between the defendant's presence on the rut road and the unoccupied vehicle which had initially enticed the officer's interest and suspicion. Indeed, the evidence is clear that the defendant had done nothing to arouse the officer's suspicion. It was merely a result of unfortuitous circumstances that the defendant, while lawfully traveling along the rut road, was required to halt his vehicle because he came upon the officer's car blocking both ruts.
This case is therefore clearly distinguished from Shaver v. State, Fla.App., 1st 1972, 262 So.2d 30, wherein the officer's initial encounter with the defendant was while following "a speeding Pontiac automobile" in which the defendant was riding as a passenger.
The evidence in the case sub judice clearly reveals the total absence of any probable cause to stop, question or search the defendant. A bare suspicion, without cause, will not constitute reasonable grounds for detention. As stated by the Supreme Court of Florida in Kersey v. State, S.C.Fla. 1952, 58 So.2d 155:
"We are conscious of the law authorizing police officers to arrest one without a warrant who commits a crime in his presence, but we do not understand that such a law authorizes him to block the highway in front of one who is lawfully *255 traveling it and take him into custody on nothing more than a bare suspicion that he is violating the law. * * *" (At page 156)
The facts in the case sub judice are even stronger in favor of the defendant than were those in Kersey, supra. There the police had been "tipped off" that the defendant was selling moonshine whiskey and would be on the highway at approximately the time that he was arrested, thereby instilling in the officer some foundation for "a bare suspicion." In the case sub judice there was not even that much of a foundation for a reasonable suspicion. Consequently, any evidence found after the stop without reason and without warrant violated the defendant's right to free passage without interruption and any arrest made and any evidence seized as a result of stopping the defendant's car was unreasonable and illegal and should have been suppressed.
The State urges that regardless of the exact moment of the defendant's arrest, the offending evidence was discovered after the arrest and after the defendant had been advised of his rights and that therefore the search at the jail was incident to a lawful arrest and therefore admissible. We cannot agree. It is apparent from the record that the officers had no intention of arresting the defendant, whose way had been blocked without cause, for possession of a can of beer until after he withdrew his permission to search his vehicle; thus, the search was not incident to an arrest, rather the arrest was incident to the search. The search in question was not dependent upon the arrest, but was commenced prior to the arrest. A search must be lawful in toto and one which is unlawful initially is not made lawful by what is found in consequence thereto. Kraemer v. State, S.C. Fla. 1952, 60 So.2d 615. Further the search at the St. Johns County Jail, after the defendant was in custody, 7 or 8 miles distant from the scene of the arrest, and after 9:30 p.m., is too remote in time and place to be sustained as a lawful search without a warrant incident to a lawful arrest. (Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.) The arresting officer admitted in his testimony that he could have gotten a search warrant the next day; that the vehicle and the defendant and the contents of the vehicle were in custody and in no danger of loss or destruction.
The initial stopping of the defendant having been without probable cause or even reasonable suspicion, the subsequent arrest was invalid, therefore the search of the defendant's van without a warrant was not incident to a lawful arrest. Accordingly, the evidence obtained as a result of that search was tainted and should have been suppressed.
As stated by the Supreme Court in Byrd v. State, S.C.Fla. 1955, 80 So.2d 694:
"In reaching our conclusion in this case, it is not our intention to suggest that when `probable cause' does exist an officer may not stop a vehicle. There are, moreover, many valid and legitimate reasons for stopping vehicles upon the highway, and we do not mean to cast a doubt upon such lawful procedure. What we do hold is that the appellant's constitutional rights have been violated in this case, and the fruits of such violation cannot be used against him." (At page 697)
It appearing from the record that but for the tainted evidence there was no basis for conviction, the judgment and sentence are reversed and vacated and the defendant should be discharged.
SPECTOR, Acting C.J., and JOHNSON, J., concur.