301 So.2d 13 (1974)
Thomas Albert SHEFF, Appellant,
v.
STATE of Florida, Appellee.
No. T-241.
District Court of Appeal of Florida, First District.
September 12, 1974.
Rehearing Denied October 22, 1974.
*14 Frank A. Graham, Jr., of Graham, Buford, Vossler & Schoditsch, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
BOYER, Judge.
We have for review a case involving a search and seizure, or a series of searches and seizures, which resulted in the obtaining of evidence leading to conviction of appellant following the trial court's refusal to suppress the fruits of the search. Neither the facts nor the applicable law are simple.
The parties disagree to some extent as to the appropriate facts to be gleened from the evidence. We therefore feel it desirable to recite at the very commencement that on a motion to suppress evidence the trial judge is trier of both law and fact. His conclusions come to us clothed with a presumption of correctness, and in testing the accuracy of his conclusions on questions of fact we must interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in the light most favorable to the conclusions reached by him. (Cameron v. State, Fla.App. (1st) 1959, 112 So.2d 864; Shaver v. State, Fla.App. (1st) 1972, 262 So.2d 30)
*15 While appellant was staying at a motel in the City of Tallahassee, but while he was temporarily absent therefrom, a maid admitted herself for the purpose of cleaning the room in accordance with normal motel operating practices. While cleaning the room the maid discovered what she thought to be marijuana lying loose in an open suitcase. She reported her discovery of the "green-like" material to the motel owner, who then went to the room and observed the material in the suitcase. He promptly called a relative, one Captain Revell of the Sheriff's Department. When Captain Revell arrived at the motel he, at the request and invitation of the motel owner, entered appellant's room and observed the material in the open suitcase. Captain Revell decided that the material was "probably" marijuana. They thereupon left the room, locking the door behind them, and Captain Revell called one Detective O'Brien, relating the circumstances and his observations. O'Brien thereupon went to the motel and while he was further acquainting himself with the situation the appellant drove into the motel parking area. Appellant was identified to Detective O'Brien by the owner of the motel as being the occupant of the room. Apparently noticing the police cars, the appellant immediately drove off whereupon he was followed by Detective O'Brien who stopped him a short distance away. O'Brien obtained appellant's driver's license and directed him to return to the motel. While following the appellant back to the motel, Detective O'Brien noticed him "fiddling around on the floor of the car." Upon O'Brien stopping his car behind appellant's car in the motel parking lot, one Deputy Gunter (who had arrived on the scene in the meantime) handed O'Brien a small plastic bag which Gunter had observed appellant throw from his car upon entering the motel parking lot. The bag was found to contain marijuana and some green tablets. Detective O'Brien thereupon arrested appellant for possession of marijuana and advised him of his constitutional rights.
Upon looking into appellant's car, Detective O'Brien saw another small plastic bag on the floor of the front seat beneath where the driver's legs would be. O'Brien then opened the door of the car, identified the contents as marijuana, and advised appellant that he was going to conduct a search of the vehicle. The search revealed a vegetable material in a styrofoam beer insulator, a "roach clip" in the glove compartment and cigarette papers and another bag of marijuana in a briefcase.
Following the search of the vehicle O'Brien asked for permission to search the motel room which permission was refused by appellant. Nevertheless O'Brien seized the open suitcase from the motel room.
Appellant was then lodged in jail and a search warrant was obtained for his motel room. Upon searching the room with the warrant in hand Detective O'Brien seized another suitcase containing twenty-one bags of marijuana and a shaving kit containing amphetamines.
Appellant was charged in a four count information with possession of marijuana (Count I), possession of amphetamines (Count II), possession of phencyclidine (Count III) all in violation of Florida Statute 404.02, and possession of paraphernalia (Count IV) in violation of Florida Statute 404.041.
A motion to suppress all tangible evidence was filed which motion was denied. Thereupon appellant entered a plea of nolo contendere as to Count I only, reserving the right to appeal the denial of his motion to suppress as permitted by State v. Ashby, Sup.Ct.Fla. 1971, 245 So.2d 225. He was adjudicated guilty and sentenced, resulting in this appeal.
Appellant has not been tried on Counts II, III and IV of the above mentioned information, by agreement awaiting the outcome of this appeal.
The parties argue several points in their briefs. The first point relates to the validity *16 of Captain Revell's initial visit to appellant's motel room. Appellant states the point as follows: "Whether a motel proprietor may give his consent to a warrantless search of a tenant's room by police officers." We answer in the negative.
A hotel room or a motel room is the private dwelling of the occupant so long as he is legally there, paying the requisite rent or charge, or has made appropriate arrangements with the management for such payment, and has not been requested by the management to leave for any valid or legal reason. The rights and privileges guaranteed by the Constitution must be accorded with equal vigor to transient hotel guests as to occupants of private permanent dwellings. (Shuler v. Wainwright, 341 F. Supp. 1061 (USDC M.Dist. Fla. 1972); Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); Eng Fung Jem v. United States, 281 F.2d 803 (9th Cir.1960)).
A search of a guest's room may not validly rest upon consent, or even invitation of the proprietor or manager. (See Stoner v. California, supra; United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949)).
Although a person renting a motel or hotel room gives implied permission for cleaning personnel to enter the room, and perhaps maintenance personnel, such entries are restricted to instances which are reasonably required in the performance of their duties. (United States v. Jeffers, supra) A tenant's constitutional protections would disappear and be for naught were the protection against unreasonable searches and seizures left to depend upon the unfettered discretion of an employee of a hotel or motel. (Stoner v. California, supra)
Assuming, without deciding, that the owner of the motel had the right to enter appellant's room upon being advised by the maid of the presence of the suspicious appearing material, he had no legal right to extend an invitation of entry to the police.
We do not here have a situation factually similar to Griffin v. State, Fla.App. (2d) 1973, 276 So.2d 80, where the occupant of the room responded to a knock with an invitation to enter and thereupon gave consent to the search leading to the discovery of the evidence. Nor may this case be likened to Paty v. State, Fla.App. (4th) 1973, 276 So.2d 195, wherein, upon petition for rehearing, the court made it abundantly clear that its decision and opinion was intended only to be applicable to the doctrine of "abandonment of premises" as a justification for search and seizure. We have no such question here.
Neither are we here concerned with a factual situation wherein the police gained their information as a result of an unauthorized search by a private citizen as was the case in Bateh v. State, Fla.App. (1st) 1968, 208 So.2d 846 and in Barnes v. United States, 5th Cir.1967, 373 F.2d 517.
The facts of this case do not even compare with Gandy v. Watkins, M.D.Ala. 1964, 237 F. Supp. 266, cert. den. 1965, 380 U.S. 946, 85 S.Ct. 1032, 13 L.Ed.2d 965, wherein the evidence appears to have been taken into custody from a motel room by an officer without a warrant but at the specific request of the owner and manager of the hotel.
The State endeavors to defend Captain Revell's initial entry into appellant's room by the "plain view doctrine". However, there is no showing that the evidence seized from the room was in plain view of anyone other than to persons in the room. This is not a situation wherein a police officer observed the contraband without entry onto the premises. (State v. Ashby, supra; State v. Parnell, Sup.Ct. Fla. 1969, 221 So.2d 129) It is apparent that Captain Revell saw nothing in plain view until he entered the room.
*17 The State attempts to rely upon State v. Parnell, supra, and State v. Ashby, supra. However in each of those cases the writer of the opinion made it abundantly clear that in applying the "open view" or "plain view" doctrine the seizing officer was "where he has a legal right to be." In State v. Ashby the Court said:
"It is not a search to observe, and to seize, what is so placed where it may be seen by an officer who is where he has a right to be. State v. Parnell, supra; Victor v. State, 141 Fla. 508, 193 So. 762 (1940); Blake v. State, 112 So.2d 391 (Fla.App. 3rd, 1959). In application of the `open view' doctrine, it is not an unreasonable search without warrant for an officer to move to a position where he has a legal right to be, and look for things he may have reason to believe will be seen." (Emphasis added; 245 So.2d at pages 227 and 228)
The writer then went on to buttress the above statement by reciting "no trespass or intrusion into private place was involved."
Having determined that Captain Revell's initial entry into the motel room was without legal right and that the plain view doctrine is not applicable, we turn now to the second point, viz: Whether the evidence gained as a result of appellant tossing from his car a bag of marijuana, retrieved by Officer Gunter, and as a result of the subsequent search of the automobile should have been suppressed. Appellant contends that everything which occurred after the initial intrusion by Captain Revell was tainted by that "primary illegality" and that accordingly all of the evidence should have been suppressed. We cannot agree.
Putting aside entirely Captain Revell's intrusion into appellant's room, we find that the open view of the marijuana afforded to the motel maid who was rightfully in the room for cleaning purposes, her suspicion and belief that the material was in fact marijuana, the rapid departure of appellant from the parking area afforded for motel guests on his observing the presence of police vehicles, the "fiddling around on the floor of the car" observed by Detective O'Brien while following appellant back to the motel and the disposal of the small plastic bag by appellant upon entering the motel parking lot gave the officers sufficient "probable cause" for arrest without a warrant. (Cameron v. State, Fla.App. (1st) 1959, 112 So.2d 864) (See also Shaver v. State, supra; and Mahoney v. State, FlaApp. (1st) 1974, 300 So.2d 743.)
Although probable cause cannot be based upon mere suspicion and must be based upon facts known to exist, the test of what constitutes probable cause is not whether the evidence would be admissible for the purpose of proving guilt at a trial but rather whether the information would lead a man of prudence and caution to believe that the offense has been committed. (Suiero v. State, Fla.App. (4th) 1971, 248 So.2d 219; Aguilar v. State of Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; 29 Fla.Jur., Search and Seizure, § 18.) In Draper v. United States, supra, the Supreme Court, in discussing probable cause observed:
"`In dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, supra, 338 U.S. 160 at page 175, 69 S.Ct. [1302] at page 1310, [93 L.Ed. 1879]. Probable cause exists where `the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, *18 162, 45 S.Ct. 280, 288, [69 L.Ed. 543]." (Emphasis the courts)
Indeed, the disposal of the bag upon entering the parking lot which was immediately retrieved and recognized as marijuana by the officer constituted, in and of itself, sufficient probable cause for the immediate arrest. A fortiori the discovery by Detective O'Brien of another plastic bag on the floor of the front seat in plain view afforded additional grounds for the search of the automobile incident to appellant's arrest. (Cameron v. State, supra; State v. Parnell, supra; State v. Ashby, supra; State v. Gustafson, Sup.Ct. Fla. 1972, 258 So.2d 1; Gustafson v. State of Florida, 1973, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456.)
We hold that the marijuana contained in the bag tossed from appellant's vehicle by the appellant himself, as he returned to the motel parking lot at the direction of Detective O'Brien, as well as the evidence obtained as a result of a search of appellant's vehicle was not objectionable as fruit of the poisonous tree for two reasons. First, that particular evidence did not come to light as a result of illegal actions on the part of the police. If Captain Revell, Detective O'Brien and Deputy Gunter had done nothing more than wait in the motel parking lot for appellant's return the sequence of events would have been the same. At the time appellant commenced his flight from the parking lot upon seeing the police vehicles he had no knowledge that Captain Revell had been inside his room. Further, even should we hold that but for the illegal actions of Captain Revell such evidence would not have come to light, nevertheless under the facts of this particular case the connection between the initial illegality and the events, including the arrest and subsequent search of the vehicle, which followed the disposition by appellant of the bag of marijuana in the parking lot, became so attenuated as to dissipate the taint. (Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Jetmore v. State, Fla.App. (4th) 1973, 275 So.2d 61)
We also hold, on the same basis, that the facts upon which the search warrant, ultimately obtained, was founded were not tainted and that therefore the evidence resulting from a search pursuant to that warrant was properly admissible. However, we can find no legal reason for admission of the evidence seized from appellant's room prior to the issuance of the search warrant.
It appearing that there was sufficient admissible evidence to sustain the conviction and sentence appealed and there being no showing that appellant was in any manner prejudiced by admission of that portion of the evidence which we have determined to have been improperly seized and therefore improperly admitted into evidence, the judgment and sentence appealed is
Affirmed.
SPECTOR, Acting C.J., and JOHNSON, J., concur.