FULLER, RICHARD S., Associate Judge.
This matter is appropriately before the court to review orders of the trial court *309 which deny the defendant’s (appellant here) Motion to Suppress and Motion to Dismiss Count II of the information. A plea of nolo contendere and a subsequent adjudication of guilt were entered; the right to appeal being specifically reserved consistent with Ashby v. State, 228 So.2d 400 (2 Fla.App.1969).
The record on appeal contains a stipulation of facts upon which the learned trial judge based his “Order Denying Motion to Suppress”. The stipulated facts indicated that on December 23, 1974, the defendant and another man were visiting a trailer which was apparently being rented by David and Dale Hornblower. At about 9:00 p.m. an undercover police officer arrived at the trailer to purchase a quantity of illegal drugs from Dale Hornblower pursuant to previous arrangements. During the course of the discussions outside of the trailer, while standing a distance of three or four feet from the door and looking inside on two occasions, when the door opened, the undercover police officer saw several men inside smoking (something) and detected the odor of burning marijuana or hashish. He could not identify what the instant defendant was smoking. The discussion led to Dale Hornblower returning into the trailer and thereafter producing a quantity of “hash” at which time Dale Hornblower said he would have to go elsewhere for the pills. The undercover police officer followed Dale Hornblower’s vehicle to another location where a quantity of pills were produced and, upon signal, Dale Hornblower was arrested by other police officers standing by. No reference was made to the defendant being involved in the sale of either the hashish or the pills. Another police officer took Dale Horn-blow to jail but made no effort to contact any magistrate or obtain any arrest or search warrant.
The original undercover officer returned to the area of the Hornblower trailer and began a surveillance. The vehicles that had been parked near the trailer earlier were still there, and no conduct of a suspicious nature was noted. Additional police officers arrived to assist in the subsequent activities. Thereafter, another visitor left in his vehicle and he was immediately stopped, searched and released when no drugs were found. About fifteen minutes later, or about an hour and a half from the original contact at the trailer, the defendant and another man left the trailer in the defendant’s Volkswagen and were stopped about 150 yards away from the trailer. They were both promptly told that they were under arrest. Neither the defendant nor his guest made any suspicious moves as to attempt to hide or throw away any drugs. They were both frisked, and the police found in the defendant’s pocket a pocket knife and what is alleged to be a homemade “hash” pipe. They were then re-arrested and read their rights. At least four separate searches were made of the person of the defendant and his vehicle, and the total residual of these searches, in addition to the knife and pipe, were traces of marijuana in the glove compartment and a plastic bag containing seven pieces of hashish found on the defendant on the third search of his person.
All the police officers involved candidly conceded that they had no prior knowledge of any nature that the defendant or his companion was involved with the sale of drugs by or with Dale Hornblower.
All searches without a valid warrant are unreasonable unless established by the state to fall within one of the exception categories. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971). The court in its Order Denying Motion to Suppress specifically found adequate exigent circumstances to justify the warrantless search but made no determination that at the time of the arrest and searches the officers had probable cause to believe that the defendant was committing any felony. To justify a search without a warrant there must be probable cause to search plus exigent circumstances. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, *310 26 L.Ed.2d 409 (1970); Kersey v. State, 58 So.2d 155 (Fla.1952); and Richardson v. State, 291 So.2d 253 (1 Fla.App. 1974).
The one and one-half hours from the original suspicion that defendant was smoking “grass” (possession of less than five grams being a misdemeanor) and his being stopped, arrested and searched is too wide a time span to be considered “exigent circumstances”, particularly, in view of the fact that the officer left the area of the trailer, drove some miles distant, completed a purchase and resultant arrest, and returned to the trailer in the interval.
The trial court erred in denying defendant’s Motion to Suppress. The cause is reversed with directions that the sentence imposed be vacated and the defendant be discharged.
REVERSED.
McCORD, Acting C. J., and SMITH, J., concur.