ALDERMAN, Judge.
I respectfully dissent.
Appellant appeals from his conviction of grand larceny, alleging as error the trial court’s deniál of his motion to suppress tangible evidence. The sole issue raised is the legality of appellant’s initial stop and detention.
The record reflects that the arresting officer first saw the appellant driving a rented U-Haul Van with out-of-state plates at about 7:30 p. m. in the business district of Boca Raton. He saw the same vehicle again a few minutes later and considered stopping it simply because “it was an unusual vehicle to be in the area at that time of night.” The officer was called away on other matters but upon returning to the area saw the vehicle once more and this time, stopped it. Because he was worried about his safety, the officer looked through the back window of the van and discovered expensive stereo equipment which turned out to be stolen.
While it is well established that a police officer may stop a vehicle to question its occupants on less than probable cause, e. g., Gustafson v. State, 243 So.2d 615 (Fla.App.4th, 1971), rev. on other grounds 258 So.2d 1 (Fla.1972), aff. 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966), it is equally well recognized that he may not do so arbitrarily or on a bare suspicion that the occupants are violating the law. Kersey v. State, 58 So.2d 155 (Fla.1952); Gustafson v. State, supra; State v. Ebert, 251 So.2d 38 (Fla.App.2nd, 1971); Wilson v. Porter, supra; see, Fla.Stat. § 901.-151(2) (1975).
I cannot agree that the arresting officer’s opinion that the vehicle was an unusual one to be seen in the area gave rise to tjie necessary “founded suspicion” in this case. I believe the facts of this case bring it more in line with those cases that have invalidated detentions, see, e. g., Bailey v. State, 319 So.2d 22 (Fla.1975); Thomas v. State, 297 So.2d 850 (Fla.App. 4th, 1974); State v. Rheiner, 297 So.2d 130 (Fla.App.2nd, 1974); Richardson v. State, 291 So.2d 253 (Fla.App.1st, 1974), than with those that have upheld them, see, e. g., Gustafson v. State, supra; State v. Ebert, supra; State v. Padilla, 235 So.2d 309 (Fla.App.3rd, 1970); Carpenter v. Sigler, 419 F.2d 169 (8th Cir. 1969); and Wilson v. Porter, supra.
For these reasons, I would reverse the decision below.