348 So.2d 326 (1977)
Vincent COLADONATO, Petitioner,
v.
STATE of Florida, Respondent.
No. 50183.
Supreme Court of Florida.
July 14, 1977.
Philip G. Butler, Jr., Foley, Colton & Butler, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen. and Marsha G. Madorsky, Asst. Atty. Gen., for respondent.
SUNDBERG, Judge.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, in Coladonato v. State, reported at 335 So.2d 317 (Fla. 4th DCA 1976), which allegedly conflicts with Kersey v. State, 58 So.2d 155 (Fla. 1952), Richardson v. State, 291 So.2d 253 (Fla. 1st DCA 1974), and other decisions standing for the principle that a policeman may not stop a vehicle to question its occupants on a bare suspicion that the law has been violated. Jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
During early evening hours, petitioner was initially observed by a policeman driving a U-Haul Van with out-of-state plates in the business district of Boca Raton, Florida. A few minutes later, the officer saw the same vehicle and considered stopping it because "it was an unusual vehicle to be in the area at that time of night." However, the patrolman did not stop petitioner at that time because he was called away on other matters. Approximately one hour later, the officer returned to the business district and spotted the U-Haul Van for a third time. At this point, he elected to stop the petitioner, although he had no reason to do so except his personal suspicion that illegal activity had been or was about to be committed.
Upon approaching the van, the officer looked through the rear window and observed articles of expensive stereo equipment. *327 He then asked petitioner to supply him with some personal identification which petitioner did. After receiving this identification, the officer returned to his vehicle, radioed headquarters to check petitioner's identity and requested, in addition, a search of the local stereo stores. A few minutes later, police headquarters notified the officer that petitioner was wanted on a New Jersey warrant. Petitioner was then placed under arrest. Subsequent to this arrest, the officer learned that a local stereo store had been burglarized. The van was then impounded, and the stereo equipment seized pursuant to an inventory search.
An information was filed thereafter charging the petitioner with one count of breaking and entering a building with intent to commit a felony, to wit: grand larceny, and a second count of grand larceny. Petitioner filed a motion to suppress which was subsequently denied. On appeal, the District Court of Appeal, Fourth District, affirmed per curiam without opinion (Alderman, J., dissenting).
We agree with petitioner that the District Court erred in affirming the trial court's order refusing to suppress the stereo equipment obtained when petitioner was detained on a policeman's bare suspicion that illegal activity was afoot. The dissenting opinion of Judge Alderman satisfactorily expresses the view of this Court. We, therefore, adopt this able dissent as the response of this Court in the instant cause. It is set forth in pertinent part below:
While it is well established that a police officer may stop a vehicle to question its occupants on less than probable cause, e.g., Gustafson v. State, 243 So.2d 615 (Fla. App. 4th, 1971), rev. on other grounds 258 So.2d 1 (Fla. 1972), aff. 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); Wilson v. Porter, 361 F.2d 412 (9th Cir.1966), it is equally well recognized that he may not do so arbitrarily or on a bare suspicion that the occupants are violating the law. Kersey v. State, 58 So.2d 155 (Fla. 1952); Gustafson v. State, supra; State v. Ebert, 251 So.2d 38 (Fla.App. 2nd, 1971); Wilson v. Porter, supra; see, Fla. Stat. § 901.151(2) (1975).
I cannot agree that the arresting officer's opinion that the vehicle was an unusual one to be seen in the area gave rise to the necessary "founded suspicion" in this case. I believe the facts of this case bring it more in line with those cases that have invalidated detentions, see, e.g., Bailey v. State, 319 So.2d 22 (Fla. 1975); Thomas v. State, 297 So.2d 850 (Fla.App. 4th, 1974); State v. Rheiner, 297 So.2d 130 (Fla.App. 2nd, 1974); Richardson v. State, 291 So.2d 253 (Fla.App. 1st, 1974), than with those that have upheld them, see, e.g., Gustafson v. State, supra; State v. Ebert, supra; State v. Padilla, 235 So.2d 309 (Fla.App. 3rd, 1970); Carpenter v. Sigler, 419 F.2d 169 (8th Cir.1969); and Wilson v. Porter, supra.
Accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Fourth District, is quashed, and this cause is remanded to the District Court of Appeal, Fourth District, with instructions to remand to the trial court for proceedings not inconsistent with the views expressed herein.
It is so ordered.
ADKINS, BOYD and KARL, JJ., concur.
OVERTON, C.J., dissents.