LAMAR WARREN, Associate Judge,
dis-sénting:
I respectfully dissent. The director of housing at a state university received information from a student confidential informer concerning drug trafficking by appellant in the dormitory room in which he was residing, and the police were notified. The police made a determination after considerable delay that it was necessary to go to the dormitory without obtaining a search warrant. The officer who was a witness at the hearing on a motion to suppress testified that after they went to the dormitory, accompanied by the director, they smelled a strong odor of marijuana in the corridor. The director, who was the other witness at the hearing, and who was leading the way because he had a key to appellant’s room, testified at the hearing that he deferred to the officers and that they were the police handling a drug situation and further that when he got to the hallway door he noticed the smell of marijuana. He put his key in the lock and finding the door was already unlocked he opened the door and proceeded into the room, the officers following. Upon these facts it is believed that the cases of Taylor v. United States, 1932, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 and Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 govern. It follows therefore that the order denying appellant’s motions to suppress should be reversed. Parsons v. State, 334 So.2d 308 (Fla. 1st DCA 1976); Hornblower v. State, 351 So.2d 716 (Fla.1977); Piazzola v. Watkins, 442 F.2d 284 (5th Cir. 1971); Smyth v. Lubbers, 398 F.Supp. 777, (D.C.W.D.Miss.1975); Morale v. Grigel, 422 F.Supp. 988 (D.C.N.H.1976), and State v. Kappes, 26 Ariz.App. 567, 550 P.2d 121 (1976).