POLEN, Judge.
We affirm M.C.’s adjudication of delinquency and juvenile disposition because the trial court correctly determined that the arresting officer had a founded suspicion to make the stop. The trial court based its finding that a founded suspicion existed on the following facts as testified to by Deputy Ogden at the hearing on the motion to suppress.
Deputy Ogden testified that on April 5, 1993, at approximately 3:30 a.m. he was patrolling a business area consisting primarily of auto body shops, all of which were closed. While patrolling, Ogden noticed a black vehicle, in which M.C. was a passenger, travelling southbound on Bountwell Road. He noticed the vehicle because there was so little traffic at that time of night. After checking some of the other businesses, Deputy Ogden again noticed the same vehicle now going north, making a U-turn and heading south on Bountwell again. Although this U-turn wasn’t illegal, Deputy Ogden testified that he considered it suspicious in light of the fact that there was no other traffic in the area and he had seen the vehicle twice in a short period of time. Deputy Ogden also testified that there have been numerous reports of auto burglaries, thefts, and larceny of auto parts in the area. Deputy Ogden further established that another reason he stopped the vehicle was because of its cracked taillight.
Although the lower court did not believe that the traffic infraction justified the stop, it did find that there was a founded suspicion of criminal activity. We affirm this finding based on the well known principle that the trial court’s ruling on a motion to suppress is clothed with a presumption of correctness, and without a clear showing of error of law or fact, the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom, in a manner most favorable to sustaining the trial court’s ruling. Medina v. State, 466 So.2d 1046, 1049-1050 (Fla.1985).
We also find that in accordance with State v. Woodard, 582 So.2d 1249 (Fla. 4th DCA 1991) the lower court correctly took the “totality of circumstances” into account in determining that there was a reasonable suspicion. These circumstances included the late hour, the car’s presence in a commercial area, the two U-turns, the experience of the officer, and' his familiarity with the area he was patrolling. Since these findings of fact are supported by the record, we affirm the denial of the motion to suppress.
*504 We also distinguish this case from Coladonato v. State, 348 So.2d 326 (Fla.1977), cited by the dissent, for the proposition that a bare suspicion is insufficient to justify a stop. First, the U-Haul van that was observed in Coladonato, was observed during the early evening horn’s, whereas the vehicle at bar was observed at 3:30 a.m. In addition at bar, Deputy Ogden testified as to prior burglaries in the area and in Coladonato, there was no such testimony. As the totality of the circumstances in a given case must be analyzed in determining whether there was a founded suspicion, these distinguishing factors are sufficient to render the suspicion at bar “reasonable” and not “bare,” thereby supporting affirmance of the lower court’s denial of the motion to suppress.
GLICKSTEIN, J., concurs.
WARNER, J., dissents with opinion.