669 So.2d 352 (1996)
Kevin REAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3629.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Carrion, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant challenges his conviction for second degree murder contending that the trial court reversibly erred in failing to suppress the oral statements that he made to the police. We affirm.[1]
It is well settled that a trial court's ruling on a motion to suppress arrives at the appellate court clothed in a presumption of correctness and absent clear error of law or fact, the appellate court must interpret the evidence and reasonable inferences derived therefrom in a manner most favorable to sustaining the trial court's ruling. See, e.g., Medina v. State, 466 So.2d 1046, 1049 (Fla. 1985); In Interest of M.C., 641 So.2d 502 (Fla. 4th DCA 1994). Finding no clear error of law or fact upon our review of the record, and determining that there was not even an *353 equivocal invocation of the right to remain silent, we affirm.
AFFIRMED.
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.
NOTES
[1] We address the issue of whether the trial court erred in denying the motion to suppress even though no objection was raised because the state concedes that in this instance, were the motion to suppress erroneously denied, a claim for ineffective assistance of counsel would be clear on the face of the record for failure to object when the statement was introduced at trial. See, e.g., Gordon v. State, 469 So.2d 795 (Fla. 4th DCA), rev. denied, 480 So.2d 1296 (Fla.1985).