719 So.2d 990 (1998)
Jeffrey Ray HENLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0625.
District Court of Appeal of Florida, Fourth District.
October 28, 1998.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
Appellant challenges his conviction for possession of cocaine on the ground that the court erred in failing to grant a motion to suppress the cocaine as evidence. As pointed out by the state, appellant failed to object to the evidence when it was admitted into evidence. Thus, appellant waived any error regarding its admission, and this issue is not preserved for appeal. See Green v. State, 711 So.2d 69, 70 (Fla. 4th DCA 1998); § 924.051(3), Fla. Stat. (1997).
To counter this preservation problem, appellant claims that this court can review the error absent an objection at trial because the failure to object constitutes ineffective assistance of counsel apparent on the face of the record. He cites to Reaves v. State, 669 So.2d 352 n. 1 (Fla. 4th DCA 1996). However, in Reaves the state conceded that an ineffective assistance of counsel claim was cognizable on the face of the record; by contrast, in the present case, there is no such concession of error. Instances where the appellate court will address an ineffectiveness claim on the face of an appellate record are rare indeed. As Judge Anstead noted in his special concurrence in Gordon v. State, 469 So.2d 795, 798 (Fla. 4th DCA 1985):
I ... write separately only to caution litigants that we will not ordinarily consider a claim of ineffective assistance of counsel on appeal.... Such claims ordinarily turn on issues of fact and both sides are entitled to present relevant evidence to the trial court to resolve those issues. It is only because of the gross and patent showing of ineffectiveness virtually conceded by the state on this record that we are taking the highly unusual step of intervening at this stage of the proceedings.

(emphasis added). By contrast, on the instant record there is no showing of gross *991 ineffectiveness. Indeed, the failure to object may have been simply a recognition of the meritlessness of the motion to suppress.
Affirmed.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.