276 So.2d 195 (1973)
Robert Makepeace PATY, Appellant,
v.
STATE of Florida, Appellee.
No. 72-778.
District Court of Appeal of Florida, Fourth District.
March 28, 1973.
Rehearing Denied April 25, 1973.
*196 William E. Eaton and B.F. Paty, Jr., of Paty, Downey, Lewis & Eaton, Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was charged with possession or delivery without consideration of more than five grams of marijuana. His motion to suppress the physical evidence, on the grounds that the same was the result of an illegal search and seizure, was denied. Appellant then entered a plea of nolo contendere expressly preserving his right to seek appellate review of the order denying the motion to suppress. We conclude that the motion should have been granted and we therefore reverse the judgment and sentence.
On Saturday, November 27, 1971, appellant rented a room at the Papaya Motel in West Palm Beach. The next morning, the motel owner, Mrs. Maharaj, in the course of her housekeeping duties, knocked on the door to appellant's room. When he opened the door in response to the knock, she saw leaves and sticks scattered about the room and a peculiar odor, all of which led her to believe that appellant had marijuana in the room. When notified that the police were to be called, appellant fled from the room carrying a footlocker, and ran across the street and into a nearby dwelling. A police officer arrived within a few minutes, and after first speaking with Mrs. Maharaj and her mother, the officer went into the room. He noted appellant's jacket and motorcycle helmet, and on the floor a brown paper bag with a plastic bag protruding from it some seven or eight inches, and containing green leafy material which he thought to be marijuana. At this point appellant returned to the motel, where he was met outside the room by the police officer. While standing outside of the motel room, appellant was placed under arrest. A second officer arrived at the scene, entered the motel room, searched the dresser drawers, and discovered the marijuana which was sought to be suppressed.
The trial court, in ruling on the motion to suppress, expressly found that the search was not authorized by warrant, nor authorized by appellant's consent, nor was it an incident to the arrest. The court did find that the police officers were justified in assuming that appellant had abandoned the premises without the intent to return, thus requiring only the consent of the property owner to make the search legal. There is, of course, authority which supports this principle. Abel v. United States, 1960, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668.
Recognizing that the question of whether there has been an abandonment is primarily a factual determination to be made upon all of the relevant circumstances existing at the time, United States v. Manning, 5 Cir.1971, 440 F.2d 1105, we nonetheless conclude that the circumstances in this case are not such as will sustain a finding that appellant had abandoned or "vacated" the motel room.
In the leading case of Abel v. United States, supra, the defendant was arrested in his hotel room on an administrative writ in a deportation proceeding. He was allowed to pack his personal belongings, and go to the front desk of the hotel where he paid his bill and checked out. He then left *197 in custody of the immigration officers. It was held that under these circumstances the defendant had vacated the hotel room so that a subsequent search conducted with the consent of the hotel management was legal. In United States v. Manning, supra, the defendant had rented a house for one month. Three days before the rental period expired police officers arriving at the house found the door open, stale and decayed food on the table, and stagnant dish water in the sink. The court held these circumstances to be clearly indicative of abandonment of the premises, so that a search of the premises with the consent of the owner was legal.
Measured by these standards, the facts in the instant case fall short of sustaining the view that appellant had abandoned or vacated the motel room at the time the police officer searched the room and discovered the three paper bags of marijuana. While it is true that appellant fled from the room carrying a footlocker, he left in the room his jacket and motorcycle helmet, and he left parked outside of the room the motorbike. It was then well before the checkout time for the day, and appellant had already advised the manager that he wished to have the room for another day. Within a matter of a few minutes after fleeing the scene, appellant was back sans footlocker. He confirmed that the room was his and there is no evidence to indicate that had he not been arrested, he would not have remained in the room for some additional period of time. It would not seem reasonable, especially at that point in time, for the police officer to assume that appellant had vacated the premises in the sense of having no apparent intention to return and make further use of them. It is significant that there is no evidence indicating that the officer himself had assumed or believed that appellant had abandoned or vacated the room.
The judgment and sentence are severally vacated and this cause remanded for further proceedings including leave to withdraw the plea of nolo contendere and entry of an order granting the motion to suppress.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.

ON PETITION FOR REHEARING
OWEN, Judge.
Appellee's petition for rehearing suggests that some of the physical evidence seized at the motel was justified on the "plain view" doctrine as recognized in such cases as Powers v. State, Fla.App. 1973, 271 So.2d 462, State v. Clarke, Fla.App. 1970, 242 So.2d 791, and State v. Parnell, Fla. 1969, 221 So.2d 129, and hence our directions to the trial court to grant the motion to suppress were overly broad.
We cannot determine from the record whether the State's assertion is correct, but our decision and opinion was not intended to foreclose any issue other than the applicability of the doctrine of "abandonment of premises" as a justification for the search and seizure in this case. Accordingly, we clarify our opinion filed March 28, 1973 as requiring the trial court to suppress only that evidence the legality of the seizure of which rests solely upon the theory of abandonment.
The petition for rehearing, addressed to the opinion as thus clarified, is denied.
WALDEN and MAGER, JJ., concur.