297 So.2d 52 (1974)
STATE of Florida, Appellant,
v.
Brenda Joyce WILLIAMS, Appellee.
No. 73-806.
District Court of Appeal of Florida, Second District.
April 17, 1974.
Rehearing Denied July 22, 1974.
E.J. Salcines, State's Atty., and George B. Cappy, Asst. State's Atty., Tampa, for appellant.
Seymour L. Honig, Tampa, for appellee.
MANN, Chief Judge.
Perhaps Brenda Williams should not have taken her gun to the dance, but she did. There was a sign stating that those who attended the Psychedelic Shack would be subject to a search of their personal belongings, and of their persons. The appellee stood in line and disclosed the contents of her handbag to an employee of the establishment, who, observing a handgun therein called Sergeant Philmore, an off-duty but uniformed officer of the City of Tampa, who seized the weapon and arrested appellee. At the argument on the motion to suppress, as on the argument here, the State cited Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921) to the effect that a seizure by a private person does not constitute a Fourth Amendment violation. This may well answer the *53 question as to the search by the civilian employee, but not as to the seizure by the uniformed policeman hired by the management of the establishment to work during off-duty hours. We agree with the trial judge that Sergeant Philmore acted as an officer of the City of Tampa. The State should have argued the matter as one involving a search consented to by the defendant, which it most certainly was. We think this record will not support any conclusion except that Ms. Williams consented to a search which gave rise to the seizure of a concealed weapon.
Reversed and remanded.
HOBSON, J., and SCHWARTZ, ALAN R., Associate Judge, concur.