COBB, Judge.
This appeal is from a conviction for possession of marijuana based on a nolo con-tendere plea with reservation of right to appeal the trial court’s denial of appellant’s motion to suppress evidence. We reverse.
Two police officers went to Appellant’s residence seeking information concerning a stolen vehicle. Both officers smelled marijuana smoke as they approached the door. The officers knocked, Appellant opened the door, and the smell dissipated. One officer noticed four hand-rolled cigarettes sitting on a box inside the house. When another occupant picked up the cigarettes, the officer entered the residence and took the cigarettes from her. With the officer’s permission, the cigarettes were rinsed down a sink prior to an examination to determine their contents. The officers did not notice an odor of marijuana inside the house, nor did a brief survey of other rooms reveal any sign of contraband. The officers continued to question Appellant for 15 to 20 minutes concerning the vehicle investigation. Appellant was arrested after an officer observed a bag of suspected marijuana fall to the kitchen floor when Appellant took his hand out of his pocket.
The reasonableness of the seizure of the bag of marijuana depends upon the validity of the incursion into Appellant’s home. See State v. Hughes, 375 So.2d 615, 617 (Fla.3d DCA 1979). In Arkansas v. Sanders, 442 U.S. 753, 758, 99 S.Ct. 2586, 2590, 61 L.Ed.2d 235, 241 (1979), the United States Supreme Court recently restated that the Fourth Amendment has been interpreted
to include the requirement that normally searches of private property be performed pursuant to a search warrant issued in compliance with the warrant clause.
*256 As our sister court stated in Britton v. State, 336 So.2d 663, 664 (Fla. 1st DCA 1976):
Absent a judicial warrant, exigency or other exceptional circumstances, the Fourth Amendment protects and makes effective a citizen’s “reasonable expectation of privacy.” A warrantless incursion into a citizen’s home is therefore subject to our most critical examination, (footnote omitted.)
The officers’ warrantless incursion into Taylor’s residence was predicated entirely on the sight of four hand-rolled cigarettes. The smell of marijuana had dissipated and could not support probable cause to believe marijuana was being consumed within. The sight of the cigarettes alone did not justify a warrantless entry. See Carr v. State, 353 So.2d 958 (Fla.2d DCA 1978). The lack of exigent or other exceptional circumstances rendered the warrant-less incursion unreasonable. The seizure was the fruit of an unlawful entry, and the evidence taken should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
REVERSED AND REMANDED FOR DISCHARGE OF THE APPELLANT.
DAUKSCH, C. J., and SHARP, J., concur.