399 So.2d 125 (1981)
Charles McGIBIANY, aPPELLANT,
v.
STATE of Florida, Appellee.
No. WW-122.
District Court of Appeal of Florida, First District.
June 3, 1981.
*126 Michael E. Allen, Public Defender, and Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
Robert P. SMITH, Jr., Judge.
McGibiany appeals from a judgment of conviction for possession of cocaine and marijuana, complaining of the trial court's denial of his motion to suppress as evidence the contraband taken from his hotel room by an off-duty policeman accompanying the hotel's assistant manager. The warrantless search violated the Fourth Amendment to the United States Constitution and Article I, Section 12 of the Florida Constitution, and we therefore reverse.
McGibiany and his companion checked into the Tallahassee Hilton and were assigned room 715, a single room, until a double room should become available later in the day. They unpacked in room 715 and departed. Later, a maid reported the room occupied but not properly assigned to a guest  that irregularity being due to the room clerk's failure to record the authorized temporary use of room 715. The assistant manager, suspecting a fraudulent occupancy, decided to investigate and asked Sgt. Dozier to accompany her for protection. The manager unlocked and opened the door to room 715, found no one apparently in the room, and entered to investigate the identity of the absent occupant. Sgt. Dozier followed. Across the room Sgt. Dozier found drug paraphernalia and from the dresser top he took a vial of white powder, which he previously saw from the doorway but gave no significance, that proved to be cocaine.
The State does not dispute that Sgt. Dozier was acting as a law enforcement officer, though off-duty and employed by the hotel as a security guard, at the time of this search. See State v. Williams, 297 So.2d 52 (Fla. 2d DCA 1974). In Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), aff'd, 329 So.2d 270 (Fla. 1976), we held that a motel manager has no power by consent or invitation to waive a guest's Fourth Amendment rights of privacy against unreasonable warrantless searches. Because a law enforcement officer accompanied the manager and participated in the search, all constitutional restrictions on warrantless searches apply. M.J. v. State, 399 So.2d 996 (Fla. 1st DCA), and cases cited.
Sheff controls this case. While it may be assumed that the manager had a right to enter room 715 for the purposes indicated, and that Sgt. Dozier had a right to stand in the doorway, viewing all that could be observed, until it was evident that no occupant threatened harm to the manager, Sgt. Dozier's lawful power ended at the threshold. Nothing he saw from the doorway gave Sgt. Dozier probable cause to believe a felony had been or was being committed, or that the room contained illegal drugs. His entry and search of the room were unreasonable by constitutional standards.
The judgment of conviction is REVERSED.
SMITH, L., and JOANOS, JJ., concur.