509 So.2d 1201 (1987)
Gordon S. SALAMY, Appellant,
v.
STATE of Florida, Appellee.
No. BO-93.
District Court of Appeal of Florida, First District.
June 26, 1987.
Lynn Alan Thompson of Levine and Thompson, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Appellant, having pled nolo contendere to manufacturing cannabis, appeals from the trial court's denial of his motion to suppress. We reverse.
The subject premises was a house rented by the appellant. Apparently, his rent was paid through the month of November, 1985. On November 12, 1985, for some reason not explained or apparent from the record, the owner, Larry Strickland, appeared at the house and forced appellant at gunpoint to leave the house. Appellant *1202 went to the Leon County Sheriff's Office and reported what had occurred, indicating that he was prevented from returning to the home where his possessions and two vehicles were situated.
Shortly after appellant's reporting of the above incident, Investigator Clemmons of the Sheriff's Office received a telephone call from a lawyer purporting to represent Strickland, the owner of the house. Clemmons was not permitted to testify as to what the lawyer said to him. However, he did testify that as a result of their conversation, Clemmons thought that Strickland had a legal right to consent to Clemmons' search of the premises. No effort was made to obtain a search warrant or to obtain appellant's consent.
Investigator Clemmons proceeded to the house. There was no testimony by anyone as to what Clemmons' purpose was in going there. Nor was there any indication that contraband might be present on the premises. Nevertheless, when he arrived, Strickland, who had apparently entered the house earlier, allowed Clemmons' entry into the house.
Appellant's personal property and effects were situated inside the house. Clemmons searched the entire house, discovering and seizing various quantities of cannabis. Clemmons said it did not appear to him that anyone was "actively residing" in the premises. He said that the condition of the premises, including the appearance of the mattresses and the existence of garbage piled in the sink, was such that the house did not appear to be presently occupied.
Clemmons and Strickland then exited the house and proceeded to one of the appellant's automobiles which was parked in the carport. Strickland opened the trunk of the car for Clemmons, revealing a large quantity of cannabis plants which Clemmons also seized as evidence.
The state urges us to accept consent as the proper exception to the warrant requirement in this case. The state says that consent is based on either: (1) actual abandonment of the premises by the tenant creating a right of the owner to consent to a search of the premises; or (2) good faith belief of the officer that the owner's consent was sufficient to allow him entry into the tenant's home because of abandonment by the tenant. Both of these theories are unpersuasive in the instant case.
The evidence does not support actual abandonment. Appellant was forced off the property at gunpoint. His belongings and vehicles remained there. The search was within two days of this incident. His rent was paid through the end of the month. He immediately went to the police and reported this unusual "eviction."
The state's "good faith" or "reasonable belief" theory is exemplified by United States v. Sledge, 650 F.2d 1075 (9th Cir.1981) in which the Ninth Circuit held that where a police officer reasonably believes that premises have been abandoned by a tenant, consent of the owner is sufficient to allow a warrantless search, even though there may have been no actual abandonment.
In Sledge, the landlord, thinking that the defendants had vacated their apartment, discovered, while cleaning the apartment, a substance which he suspected might be a chemical used in the manufacture of phencyclidine (PCP). When an agent of the Drug Enforcement Administration (D.E.A.) arrived at the scene, the landlord indicated he had retaken possession because he thought the tenants had vacated. He explained to the D.E.A. agent that the tenants had paid their rent through March 31 and had given notice of intent to vacate by March 31. The landlord had talked to the tenants about their leaving early so the apartment could be prepared for new tenants on April 1. The landlord was unable to reach a definite understanding on a departure date because his efforts to contact them proved futile. Among other things, he left notes on the apartment door which went unanswered. On March 29, the landlord discovered the front door wide open and observed that the living room and kitchen appeared empty. He closed the door and left a note on the door asking the tenants to call him. On March 30, the landlord visited the apartment again. The note was still on the door. A neighbor said *1203 she had not seen the tenants. The landlord entered the apartment and discovered that it was empty of furnishings belonging to the tenants. However, some of the tenants' clothing was still in the apartment.
After explaining the above to the D.E.A. agent, the agent entered the apartment with the landlord's consent and seized the contraband. Subsequent to the seizure, the appellants returned to their apartment but left after the landlord explained what had occurred.
The Sledge court sustained the search and seizure. The court stated, inter alia:
The officer in the case before us acted with care to determine the landlord's authority to admit him. He reviewed the landlord's recitation of the facts which indicated abandonment. The facts were consistent with his own observations and knowledge of the case. He was entitled to assume that the appellants' expectation of privacy had not survived the landlord's apparent right to enter the property and to consent to its search by law enforcement officers.
Id. at 1079. See also United States v. Hamilton, 792 F.2d 837 (9th Cir.1986).
The opinion in Paty v. State, 276 So.2d 195 (Fla. 4th DCA 1973), although reversing an order denying suppression, provides support for the rationale embraced in Sledge. In Paty, a motel owner, in pursuing her housekeeping duties one morning, knocked on the door of the defendant's motel room. When he opened the door, she observed what appeared to be a large quantity of marijuana. When she left to call the police, he fled from the motel room carrying a footlocker and ran across the street into a nearby dwelling. Shortly thereafter, a police officer arrived and, after speaking with the motel owner, was allowed to enter the motel room in which the officer observed the defendant's jacket and motorcycle helmet and a bag containing what he thought to be marijuana. The defendant returned to the motel where he was met outside the room by the officer who then placed him under arrest. A second officer arrived, entered the defendant's motel room, searched the dresser drawers, and discovered the marijuana sought to be suppressed. The trial court denied the motion to suppress, finding that the officers were justified in assuming that the defendant had abandoned the premises, thus requiring only the consent of the owner. The Fourth District reversed, holding that the facts failed to support the view that the defendant had abandoned the motel room. The court stated:
It would not seem reasonable, especially at that point in time, for the police officer to assume that appellant had vacated the premises in the sense of having no apparent intention to return and make further use of them. It is significant that there is no evidence indicating that the officer himself had assumed or believed that appellant had abandoned or vacated the room. (e.s.)
276 So.2d at 197.
Arguably, our opinion in McGibiany v. State, 399 So.2d 125 (Fla. 1st DCA 1981), may not entirely support this good faith or reasonable belief approach. In that case, the manager of a hotel assumed, because of a clerical error, that the room was being occupied by a person who had not registered. She called a police officer and they went to the room. The officer followed the manager into the room where they discovered drug paraphernalia. The court held that although the officer had a right to make sure that the room was unoccupied and safe for the manager, he did not have a right to then enter the room and search it. McGibiany did not discuss the officer's right to rely on the consent of the manager. The court might have analyzed the issue in terms of the officer's right to reasonably rely on the manager's assertion that the defendant was unlawfully occupying the premises. See Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974) (holding that a hotel room is a private dwelling of an occupant as long as he is legally occupying it, has paid or arranged to pay, and has not been requested to leave for any legal reason). However, McGibiany's failure to discuss reasonable reliance does not necessarily indicate that the McGibiany court rejected such theory. It could merely *1204 mean that evidence of the reasonableness of such reliance was not in the record.
However, even applying this good faith or reasonable belief approach, we hold that the virtually undisputed facts here do not support a finding that the officer's belief that the owner had the authority to consent to the search of appellant's premises was reasonable.
Finally, the state contends that the trial court erred in refusing on hearsay grounds to allow Investigator Clemmons to testify as to what Strickland's lawyer told him prior to the search. Inasmuch as the prosecuting attorney failed to indicate by proffer or otherwise what he wished to elicit from Investigator Clemmons regarding the latter's conversation with the lawyer, the state has failed to preserve the point for appellate review.
For the above reasons, the trial court should have granted the motion to suppress with respect to the contraband seized from the house as well as that which was seized from the trunk of appellant's car.
Reversed and remanded with directions to enter an order granting the motion to suppress.
SHIVERS and THOMPSON, JJ., concur.