565 So.2d 856 (1990)
Kimberly WASSMER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00291.
District Court of Appeal of Florida, Second District.
August 10, 1990.
James Marion Moorman, Public Defender and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Kimberly Wassmer pleaded nolo contendere to possession of cocaine and possession of paraphernalia but reserved the right to appeal the trial court's denial of her motion to suppress. She contends, rightfully, that the evidence was the fruit of an unlawful search. We reverse.
The events leading to Wassmer's arrest began in late 1987 when Guy Dekin, a Days Inn security guard, saw Michael O'Farrell entering Wassmer's hotel room. O'Farrell had caused trouble at Days Inn in the past, and Dekin knew that he had been warned to stay off the property. In fact, Days Inn management had given O'Farrell a formal trespass warning. Therefore, Dekin carefully noted which room O'Farrell was in and called the police to have him removed.
When law enforcement officers arrived, Dekin went with them to the room and knocked. Wassmer peeked out, but did not open the door, so after knocking again *857 Dekin used his passkey to open it. Before they entered the room, officers recognized a crushed aluminum can on the floor as cocaine paraphernalia. Once inside, they found rock cocaine on the floor as well.
We conclude that Dekin's opening the door to Wassmer's room violated her fourth amendment privacy rights. A motel manager has no power by consent or invitation to waive a guest's fourth amendment privacy rights. McGibiany v. State, 399 So.2d 125 (Fla. 1st DCA 1981); Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), aff'd, 329 So.2d 270 (Fla. 1976). Nor does a motel security guard have the power to do so by forcing open the door of a guest who refuses to open it.
In McGibiany, an assistant manager went to investigate the occupancy of an officially vacant room. An off-duty law enforcement officer, who was working as a hotel security guard, went along to protect her. Before they realized that the room was lawfully occupied, they found contraband inside it.
The First District held this an unlawful search. It concluded that because a law enforcement officer accompanied the manager and participated in the search, that all constitutional restrictions applied. It went on to say:
While it may be assumed that the manager had a right to enter room 715 for the purposes indicated, and that Sgt. Dozier had a right to stand in the doorway, viewing all that could be observed, until it was evident that no occupant threatened harm to the manager, Sgt. Dozier's lawful power ended at the threshold.
399 So.2d at 126. The manager in McGibiany had the right to investigate the suspected unlawful occupancy. Dekin had no similar right; he knew that the room was lawfully rented to Wassmer.
A hotel or motel room is the private dwelling of the occupant so long as he is legally there, has paid or arranged to pay rent, and has not been requested by the management to leave. The rights and privileges guaranteed by the Constitution to occupants of private permanent dwellings must be afforded to transient hotel or motel guests. Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), aff'd, 329 So.2d 270 (Fla. 1976). Because law enforcement officers participated in this search, all constitutional restrictions applied. McGibiany, 399 So.2d at 126. In this case they were violated, and the trial court erred in denying Wassmer's motion to suppress.
Reversed and remanded.
DANAHY, A.C.J., and FRANK, J., concur.