573 So.2d 400 (1991)
Alberto ALVAREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-583.
District Court of Appeal of Florida, Third District.
January 22, 1991.
Bennett H. Brummer, Public Defender, and Rick Freedman, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before JORGENSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
Alberto Alvarez appeals his conviction and sentence for possession of cocaine. Because the warrantless search and seizure in this case violated the Fourth Amendment to the United States Constitution and Article I, section 12, of the Florida Constitution, we reverse.
Two police officers received a BOLO call regarding suspected drug activity at a specified apartment building. The officers entered the building and found a man who fit the description of one of three men mentioned in the BOLO report. When questioned about his presence in the building, *401 the individual explained that he was visiting friends in apartment 20.
The officers escorted the BOLO suspect to apartment 20. The suspect knocked on the door and the defendant, Alvarez, opened the door. One of the officers then noticed a second individual inside the apartment holding some sort of metal object in his hand. At that point, the officer barged into the apartment to seize what he believed to be a weapon. The object turned out to be an aluminum can. Once inside the apartment, one of the officers found cocaine.
Alvarez moved to suppress the evidence alleging unreasonable search and seizure. Following a hearing, the trial court denied the motion. The defendant entered a plea of no contest, reserving his right to appeal. The trial court adjudicated the defendant guilty of possession of cocaine.
It is well settled that searches conducted without a warrant are per se unreasonable under the fourth and fourteenth amendments unless conducted within one of the recognized exceptions to the warrant requirement.[1]Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Williams v. State, 403 So.2d 430 (Fla. 3d DCA 1981). In this case, the only possible exception to the warrant requirement would be the existence of probable cause with exigent circumstances. The State submits that the observations of one of the two officers gave rise to a reasonable concern that a person in the apartment was armed and dangerous, and, therefore, the officer was entitled to enter the apartment to secure the weapon. We disagree.
The State has failed to prove the existence of exigent circumstances as established by the seminal case of Benefield v. State, 160 So.2d 706 (Fla. 1964). First, the BOLO did not mention a specific apartment number or warn of the presence of weapons. Second, when the officers confronted the BOLO suspect, he was cooperative and answered the officers' questions. Third, when the defendant answered the door, he did nothing to create concern for the officers' safety. In fact, the officers never drew their service revolvers. Finally, the testimony that one of the officers saw some sort of metal object which could not be identified was insufficient to justify a warrantless entry. See Hornblower v. State, 351 So.2d 716 (Fla. 1977); McGibiany v. State, 399 So.2d 125 (Fla. 1st DCA 1981); Taylor v. State, 381 So.2d 255 (Fla. 5th DCA), cert. denied, 386 So.2d 642 (Fla. 1980). The lack of exigent or other exceptional circumstances rendered the warrantless intrusion unreasonable. Hornblower, 351 So.2d at 718.
Because the cocaine was the fruit of an unlawful entry,[2] we reverse the trial court's order denying Alvarez's motion to suppress and remand with directions to enter a judgment of acquittal. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Reversed and remanded with directions.
NOTES
[1] The exceptions to the warrant requirement are: (1) consent; (2) search incident to a lawful arrest; (3) probable cause to search with exigent circumstances; (4) hot pursuit; and (5) stop and frisk. Engle v. State, 391 So.2d 245 (Fla. 5th DCA 1980).
[2] Based on our conclusion that the officers' entry was unlawful, the State's argument that the evidence was properly admitted under the plain view doctrine is without merit. See State v. Hughes, 375 So.2d 615 (Fla. 3d DCA 1979) (if initial intrusion by police is lawful, seizure of incriminating evidence in plain view does not violate Fourth Amendment).