FERGUSON, Judge.
Key West Police Officer Alan Neuby accompanied an informant to the residence of the defendant, Neil Soldo, to make a cocaine purchase. A team of plain-clothed surveillance officers was brought to the neighborhood in a back-up role. Admittedly, there was no probable cause for a search or arrest.
Neuby entered the defendant’s home and was instructed to sit on a couch in the living room, while the informant was given permission to enter a back bedroom. Because the door to the bedroom was closed, Neuby could not see or hear what was transpiring. Under a mistaken belief that Officer Neuby had given the prearranged signal, the back-up officers converged on the house. As they approached, a female inside yelled, “It’s the cops.” Without permission or consent, Officer Neuby left the living room couch and followed the female down the hallway to the back bedroom, at which time he drew his revolver and identified himself as a police officer.
When Neuby reached the end of the hallway, the bedroom door opened partly. He could see drug paraphernalia and a white powdery substance on the floor. Neuby pushed the door completely open and saw two bags of white powder between the defendant and the informant. He seized the bags, ordered the defendant out of the bedroom, and ushered the other officers into the house. He then went back into the bedroom, allegedly to secure a weapon he had been told about by the informant.
At the hearing on the defendant’s motion to suppress, the court took judicial notice of the deposition of the police informant. The defendant pleaded nolo contendere to the charge of trafficking in cocaine and was sentenced to five years imprisonment. This appeal from the denial of the motion to suppress raises two points: (1) the war-rantless search and seizure was not justified by either consent or exigent circumstances; and (2) the court improperly took judicial notice of a discovery deposition.
As to the first issue, we began this examination by noting the well-established tenet that searches conducted without a warrant are per se unreasonable under the fourth and fourteenth amendments unless they are conducted within one of the recognized exceptions to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Williams v. State, 403 So.2d 430 (Fla. 3d DCA 1981).[1] *1082 The State argues that three of the exceptions to the warrant requirement apply in this case: consent, exigent circumstances, and plain view. We disagree.

Consent Exception

The permission given Officer Neuby by the defendant to enter the defendant’s home was not a blanket consent to roam anywhere in the dwelling. We reject the State’s argument that it is reasonable to believe that once in the living room, Officer Neuby also had permission to go into the general passageway from where he viewed the cocaine. This argument must fail because it is clear from the record that Officer Neuby was specifically told to remain on the couch, and that when he proceeded down the hallway towards the bedroom he did so without permission or consent. See United States v. Milian-Rodriguez, 759 F.2d 1558 (11th Cir.1985) (a suspect’s consent can impose limits in the same way as do the specifications of a warrant).

Exigent Circumstances Exception

Next, the State argues that the existence of exigent circumstances made the acquisition of a warrant in this case not feasible. The State contends that exigent circumstances were created when the female inside the house shouted that “cops” were approaching the house. Undisputedly, it was the actions of the plain-clothed surveillance officers, in converging on the house without a warrant, which triggered the excitement. Here, it is alleged that the circumstances created a concern for the well-being of the confidential informant and the destruction of evidence. It had not yet been established by reliable information, however, that there was contraband on the premises. Neither is it evident from the facts, nor was it argued by the State, that Officer Neuby’s action in proceeding down the hall to the defendant’s bedroom was prompted by a concern for the safety of himself or other officers.[2]
It is well settled that exigent circumstances created by the police officers themselves cannot justify a warrantless search. Hornblower v. State, 351 So.2d 716 (Fla.1977).
The State submits that the scurrying around by the occupant when the police knocked at the door and announced their presence supplied justification for a war-rantless search_ We reject this ratio-nale_ Police could approach a dwelling, armed only with their own subjective suspicion that illegal activity was afoot, and wait for some suspicious movement, thereby giving them justification to break down the door and burst into the dwelling. Officers would then be equipped with the power to conduct any warrantless conquest for evidence of guilt or of crime. Consequently, the suspicious movement which occurred when the police announced their presence cannot supply the exigent circumstances for the warrantless search.
Hornblower, 351 So.2d at 718. Hornblower is controlling. See also United States v. Munoz-Guerra, 788 F.2d 295 (5th Cir.1986) (exigent circumstances created by police actions will not allow for warrantless searches because the risk that a criminal suspect will become aware of covert surveillance is deemed insignificant in contrast to the more substantial benefits society derives from the procedural safeguards of judicial process).

“Plain View” Exception

Finally, the State contends that the cocaine was discovered in plain view. In that neither consent nor exigent circumstances gave Officer Neuby a right to be outside the bedroom door where he viewed *1083 the cocaine, the plain view exception cannot be relied upon by the State. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (in order to seize evidence under the plain view doctrine, the officer must lawfully be in a position from which he can view the particular area; State v. Morsman, 394 So.2d 408 (Fla.1981) (the plain view doctrine applies only when the officer has a legal right to be at his viewpoint). Further, there are no facts in the record to support the State’s contention that Officer Neuby could have seen the cocaine from the position in the living room where he had been instructed to remain.
We need not address the second issue, whether it was error for the trial court to take judicial notice of the informant’s discovery deposition. ■ The deposition is relied upon for evidence as to who opened the bedroom door where the contraband was seen by Officer Neuby. Because we hold that Officer Neuby had no right to be in the hallway from where the contraband was seen, it is irrelevant whether the door was opened by the defendant, the informant, or the officer.
Because none of the exceptions to the warrant requirement are applicable to this case, the warrantless search and seizure was illegal. The defendant’s motion to suppress should have been granted.
Reversed and remanded for further consistent proceedings.

. It is conceded that the police did not have probable cause to obtain a search warrant prior to Officer Neuby’s arrival at the defendant's house. The State argues, however, that once *1082 inside the house, Officer Neuby’s verification of the informant’s tips gave rise to probable cause. Even if probable cause arose at that time, probable cause itself was not sufficient to support a warrantless search. See Hornblower v. State, 351 So.2d 716, 718 (Fla.1977) (any warrantless search is presumed to be illegal unless there are exigent circumstances in addition to probable cause).

. Typically, circumstances that have been considered exigent include danger of harm to police officers or the public and potential destruction of evidence. Eason v. State, 546 So.2d 57, 58 (Fla. 1st DCA 1989) (citing United States v. Burgos, 720 F.2d 1520, 1526 (11th Cir.1983).