597 So.2d 417 (1992)
Emelio HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03425.
District Court of Appeal of Florida, Second District.
April 22, 1992.
J. Michael Ryon, New Port Richey, for appellant.
No appearance for appellee.
PER CURIAM.
Emelio Hamilton appeals his convictions and sentences for possession of cocaine and carrying a concealed firearm. Both the cocaine and the firearm were found in Hamilton's pants pockets during a police search, which Hamilton challenged in a pretrial motion to suppress. We conclude that the trial court erred in denying this motion, and reverse.
*418 Two Polk County sheriff's deputies, after attempting to serve an unrelated search warrant near the "Disco 400" in Bradley Junction, observed Hamilton flagging down a passing pickup truck. This occurred in what was described as a "high crime area." Hamilton spoke to the driver of the pickup, keeping one hand in his pocket. Both deputies considered Hamilton's gestures and actions to be consistent with street-level cocaine sales. Having made these observations, the deputies instructed Hamilton to place his hands on the truck bed, and one searched his pockets. This officer stated he did so because "it's known that cocaine dealers carry a weapon." The witness conceded that he had seen no suspicious bulges in Hamilton's clothing beforehand, and denied that he had been "in fear for [his] life."
Hamilton's activities before detention are perhaps marginally more suspicious than the appellant's conduct in Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988), another case involving the hailing of vehicles in a "high crime area" and one in which we concluded the search and seizure were invalid. However, as the supreme court recently has reminded us, the "stop and frisk" procedure authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and section 901.151, Florida Statutes (1991), is a two-step process. A citizen may be detained briefly and questioned when his behavior creates a reasonable suspicion of criminal activity. The police additionally may conduct a "patdown" of the suspect's outer clothing if they reasonably believe the suspect may be armed. Reynolds v. State, 592 So.2d 1082 (Fla. 1992). Absent such belief, the suspect's person may not be searched. See, e.g., Strebel v. State, 573 So.2d 176 (Fla. 2d DCA 1991).
Thus, even if the deputies were correct in suspecting that Hamilton may have been engaged in a drug transaction, they admitted to no specific, articulable facts which would justify the weapons pat-down. Since the contraband was not discoverable without this intrusion, it was unlawfully seized and subject to suppression.
Reversed.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.