COPE, Judge.
John Robinson appeals his convictions and sentences for possession of cocaine and use or possession of drug paraphernalia, following the denial of a motion to suppress. We reverse.
Two City of Miami Police uniformed officers were on routine patrol and entered an abandoned house where one officer had made drug related arrests in the past. The officers were told by their superiors to check the house periodically for drug related activity. The officers’ right to enter the abandoned house is not challenged by defendant. See State v. Fisher, 529 So.2d 1256 (Fla. 3d DCA 1988).
Once inside, the officers went to the back of the house where they found five people. The officers did not observe any criminal activity. The first officer to enter the building testified,
A. Okay, I saw like I stated earlier at least five individuals in there.
Q. What were they doing just sitting around?
A. They were just sitting around at the time.
Q. And what did you say to them when you saw them, the first time?
A. On my entering ... I recall I stated that [if] any of them have any type oí paraphernalia on them to produce it at that time because we were going to make a search of the place and each individual would be dealt with individually.
[[Image here]]
Q. And you told them that they were being detained; is that correct?
A. Yes, ma’am.
Q. That they were not free to leave? A. That is correct.
Q. And when you first stepped in this back room and you said that you saw five people were just basically sitting there, you did not see them at that point committing any type of criminal activity; correct?
A. At that point, no.
[[Image here]]
Q. But once you were in, and you saw the five people there you decided that you were going to search each one; correct?
A. That’s correct.
As the officers escorted defendant out of the building, defendant dropped a cocaine pipe on a couch. The officers retrieved the pipe and arrested defendant for possession of drug paraphernalia and possession of *203 cocaine, i.e., the cocaine residue on the pipe.
Defendant filed a motion to suppress the pipe and cocaine residue, arguing that the search was illegal. The trial court denied the motion. Defendant pled guilty to the charges, but reserved his right to appeal the denial of the motion to suppress.
On the facts presented here, the officers did not have a basis on which to make a custodial search of the occupants of the house. The officers observed no criminal activity taking place. The sole basis for the officers’ suspicion of criminal activity was that there had been prior drug use in the abandoned house. Such prior activity at the abandoned house did not give rise to probable cause to arrest defendant for possession of drugs and conduct a custodial search incident thereto.
The State argues that the officers had a founded suspicion sufficient to support an investigative stop and pat-down for weapons. See § 901.151, Fla.Stat. (1991). For present purposes we assume that the officers had the right to patrol the abandoned structure and that they could make an investigative stop of those on the premises to ascertain whether the defendant and the other persons had any right to be there. However, an investigative stop may justify at most a pat-down for weapons if the officers reasonably suspect the defendant is armed. See id. § 901.151(5); Hamilton v. State, 597 So.2d 417, 418 (Fla. 2d DCA 1992); State v. Sayers, 459 So.2d 352 (Fla. 3d DCA 1984), review denied, 471 So.2d 44 (Fla.1985). No pat-down occurred here. Instead the officers announced that they would search each person for drug paraphernalia. A full custodial search could only be made incident to a lawful arrest, but in the present case there was no probable cause to make a custodial arrest.
As the officers took defendant out to search him, he threw down drug paraphernalia. Under the facts present here, this was not a voluntary abandonment, but rather the product of impermissible police activity. California v. Hodari D., 499 U.S. -, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); State v. Anderson, 591 So.2d 611, 613 (Fla.1992). The motion to suppress was well taken and should have been granted.
Reversed.