684 So.2d 903 (1996)
Rodney LEVINE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1376.
District Court of Appeal of Florida, Fourth District.
December 26, 1996.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
*904 Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Acting on information received from an informant, police officers and the informant made an attempt to buy cocaine from appellant who was selling it out of his motel room. Because police forced their way in without a warrant when there were no exigent circumstances to justify entry, we suppress the drugs which they found inside.
The informant, after being stopped for driving without a license, offered to tell police the location of his cocaine supplier in exchange for not being arrested. At approximately 5:00 a.m., the informant and three officers went to the motel where the informant agreed to make a buy. Police concealed themselves from view, but were close enough to hear the ensuing conversation. After knocking on the door, and hearing a response from inside, the informant said "it's me, let me have another twenty piece." He then stepped in front of the window, so the appellant inside could see him. Upon seeing the informant, appellant opened the door. As soon as the door opened, a police officer stepped into view and identified himself as a deputy from the Broward sheriff's office. The appellant looked at the deputy and slammed the door. Police then broke the door down and found crack and a baggie of cocaine in plain view.
Even when they have probable cause, police officers may not enter a dwelling without a warrant, absent consent or exigent circumstances. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). This motel room was a dwelling because appellant was living there. Gnann v. State, 662 So.2d 406 (Fla. 2d DCA 1995). The state argues, however, that a warrantless entry was justified by exigent circumstances, i.e., the slamming of the door and the possibility that the appellant could have then destroyed the evidence by flushing it down the toilet.
The problem with the state's argument is that, if these were exigent circumstances, they were created by the activity of the police officers. This case is therefore controlled by Hornblower v. State, 351 So.2d 716, 718 (Fla.1977), in which our supreme court held that a warrantless search of a residence cannot be justified by exigent circumstances created by the police:
The State submits that the scurrying around by the occupant when the police knocked at the door and announced their presence supplied justification for a warrantless search.... We reject this rationale.... Police could approach a dwelling, armed only with their own subjective suspicion that illegal activity was afoot, and wait for some suspicious movement, thereby giving them justification to break down the door and burst into the dwelling. Officers then would be equipped with the power to conduct any warrantless quest for evidence of guilt or of crime. Consequently, the suspicious movement which occurred when the police announced their presence cannot supply the exigent circumstances for the warrantless search.
See also Soldo v. State, 583 So.2d 1080, 1082 (Fla. 3d DCA 1991). In the present case, there was no claim that there was insufficient time for the police to secure a search warrant.
The Florida Constitution provides that its provision against unreasonable searches and seizures "shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court." Art. I, § 12, Fla. Const. Accordingly, if the United States Supreme Court determined that exigent circumstances created by the police can justify forced entry, we would be obliged to follow it. The Court, has not, however, addressed this precise issue.[1] We are thus *905 bound by Hornblower and therefore reverse the order denying the motion to suppress.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Like the Florida Supreme Court, the fifth and eleventh circuits have held that the police cannot create exigent circumstances by their own conduct. United States v. Rico, 51 F.3d 495 (5th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 220, 133 L.Ed.2d 150 (1995); See United States v. Tobin, 923 F.2d 1506 (11th Cir.); cert. denied, 502 U.S. 907, 112 S.Ct. 299, 116 L.Ed.2d 243 (1991). The Second Circuit has adopted a different analysis and distinguished between illegal and legal behavior on the part of police which led to the creation of exigent circumstances. United States v. MacDonald, 916 F.2d 766 (2d Cir.1990), cert. denied, 498 U.S. 1119, 111 S.Ct. 1071, 112 L.Ed.2d 1177 (1991), (en banc) (Judges Kearse, Oakes, and Feinberg dissenting). The DC Circuit has held "[a]s long as police measures are not deliberately designed to invent exigent circumstances," it will not second-guess their effectiveness. United States v. Socey, 846 F.2d 1439, 1449 (D.C.Cir.), cert. denied, 488 U.S. 858, 109 S.Ct. 152, 102 L.Ed.2d 123 (1988).