KAHN, Judge.
Appellant Lonnie Raye Dempsey seeks review of an order that partially denied his motion to suppress cocaine found inside a hotel room. The trial court found that the police had conducted an illegal search of the room and therefore suppressed contraband recovered inside the hotel room. The trial court denied suppression, however, to contraband that appellant picked up and threw over a balcony. The State argued that the contraband that appellant threw over the balcony was not subject to suppression, relying upon the abandonment theory of California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). We reverse because all of the evidence as to which appellant sought suppression, including that thrown over the balcony, was the fruit of an illegal search.
Appellant and another individual were staying at the Pirate’s Bay Hotel and Condominium in Ft. Walton Beach on February 25, 1996. A housekeeping employee noticed what appeared to be drugs and drug paraphernalia in Dempsey’s room. The housekeeper notified a front desk clerk who in turn called the police. A Ft. Walton Beach policeman, Officer Bridges, responded to the call. Officer Bridges believed he was going to a hotel room to retrieve “a bag.” When the housekeeper opened the door to the room, Officer Bridges entered and saw marijuana and cocaine spread on a table and the appellant and his companion standing nearby. Officer Bridges told the two men that they were under arrest. At that point Dempsey grabbed a plastic baggie of cocaine from the table and threw it over the balcony. Dempsey then grabbed another similar baggie and also threw it over a balcony. Then Dempsey ran out the open front door of the room. Officer Bridges ran Dempsey down, and Dempsey was eventually charged with trafficking in cocaine, possession of marijuana, and possession of drug paraphernalia.
After a hearing on Dempsey’s motion to suppress,' the trial judge held that Officer Bridge’s opening of the door was illegal. The trial court therefore suppressed the marijuana and drug paraphernalia that remained on the table after Dempsey threw the other items out. As to the cocaine that Dempsey threw out, however, the trial court denied the motion to suppress. Dempséy then entered a negotiated plea to the cocaine charge, expressly reserving his right to appeal the ruling on the motion to suppress.
The State did not cross appeal the trial court’s finding of an illegal search. Unauthorized police entry into a guest room at a hotel violates the Fourth Amendment. See Wassmer v. State, 565 So.2d 856 (Fla. 2d DCA 1990). A hotel manager does not have the power to waive a guest’s Fourth Amendment privacy rights. Id. Accordingly, the trial court ruled correctly that the initial entry, and ensuing discovery of drugs on a table in the room, were illegal. Nevertheless, the trial judge, relying upon Hodari, found that the balance of the contraband, that being the cocaine Dempsey threw over the balcony, had been abandoned, and was not subject to suppression. This ruling was •erroneous.
In Hodari, the United States Supreme Court held that a police officer’s show of authority, coupled with pursuit of a suspect, did not result in a seizure for purposes of the *1073 Fourth Amendment. Accordingly, contraband thrown down by the suspect while fleeing the police was treated as abandoned, rather than the fruit of a seizure, and was available for use in prosecution of a suspect. The Florida Supreme Court conformed Florida law to Hodari in Perez v. State, 620 So.2d 1256 (Fla.1993). The facts of Perez were virtually identical to those of Hodari. In both Hodari and Perez, the courts held that the defendant abandoned the contraband before any seizure.
These cases did not, therefore, involve any analysis of an illegal search. In the present case, by contrast, the trial court found that the police officer’s entry into appellant’s room was illegal. That finding is supported by law and is not challenged on appeal by the State. Upon entering the room, the officer saw the drugs on the table. Only after Bridges placed appellant under arrest did appellant pick up the two baggies of cocaine and throw them out of the room. Under these facts, Hodari and Perez have no application. All the contraband discovered by the officer was the direct fruit of the initial illegal entry. That Dempsey then picked up the drugs and attempted to throw them out of the room did not amount to an abandonment and most certainly did not turn back time to a point before the Fourth Amendment violation. Because the cocaine was the fruit of the Fourth Amendment violation, the trial judge should have granted the suppression motion in its entirety. See Robinson v. State, 615 So.2d 201, 203 (Fla. 3d DCA 1993) (holding that where the defendant dropped cocaine during the course of an illegal police search, no voluntary abandonment occurred); see also U.S. v. Simpson, 944 F.Supp. 1396, 1404 (S.D.Ind.1996) (citing Fletcher v. Wainwright, 399 F.2d 62 (5th Cir.1968) for the proposition that abandonment must be truly voluntary, and not merely the product of police misconduct).
REVERSED.
BARFIELD, C.J., and WEBSTER, J., concur.