PER CURIAM.
Antonio Rebello timely appeals after pleading no contest to possession of cocaine. In pleading no contest, he specifically reserved his right to appeal the denial of his motion to suppress as being legally dispositive. We reverse his conviction and sentence.
At the suppression hearing, the state showed that police received information that Rebello was supplying cocaine from a motel room. Officers then went to Rebel-lo’s motel room and knocked on the door. Rebello opened the latched door slightly. Because of the latch, the door was only able to be open two to three inches. One *580 of the officers, Fuller, announced to Rebel-lo that he was a police officer.
Rebello then ran to the bathroom. Fuller could not see into the bathroom through the slightly opened door, but testified that as soon as Rebello went to the bathroom, he could hear the toilet being flushed and the shower start to run. Fuller then kicked open the door and found Rebello kneeling over the toilet as it was flushing with his hand inside it. Fuller recovered cocaine from the base of the toilet. Another officer generally corroborated Fuller’s version of events, but testified that the hotel room door was shut before Fuller kicked it open.
Citing Levine v. State, 684 So.2d 903 (Fla. 4th DCA 1996), Rebello argued that as a matter of law there were no exigent circumstances which justified the warrant-less search of the hotel room. The court disagreed and denied the motion. It held that sufficient “suspicious” activities that were occurring inside the room, i.e., the toilet flushing and the shower being turned on, supported that illegal activity was occurring and justified the search.
Rebello then pled no contest, reserving his right to appeal the denial of his motion to suppress. Because Rebello had already served time greater than that recommended by the guidelines, the court sentenced him to time served.[1] This appeal followed.
The sole issue in this case is whether the warrantless search of Rebel-lo’s hotel room was justified. Even when they have probable cause, police officers may not enter a dwelling[2] without a warrant absent consent or exigent circumstances. Levine, 684 So.2d at 904 (citation omitted). Police may not create exigent circumstances by their own conduct. Id. (citation omitted).
Rebello maintains that because Fuller and the other officers created the exigency in this case, under Levine they could not enter his hotel room without a warrant. In Levine, police officers learned that Levine was selling drugs from a motel room. They and an informant went to Levine’s motel room, where the informant agreed to make a buy. After knocking on the door, and hearing a response from inside, the informant said “it’s me, let me have another twenty piece.” He then stepped in front of the window, so Levine, who was inside, could see him. Upon seeing the informant, Levine opened the door. As soon as the door opened, a police officer stepped into view and identified himself as a sheriffs deputy. Levine looked at the deputy and slammed the door. Police then broke the door down and found drugs in plain view.
Levine moved to suppress the drugs, but the trial court denied the motion. On appeal, Levine argued no exigent circumstances existed to justify the warrantless search. The state countered that the war-rantless entry was justified by the slamming of the door and the possibility that Levine could have then destroyed the evidence by flushing it down the toilet. This court held, however, that these “exigent circumstances” were caused by the police officers’ announcing their presence. It explained,
Police could approach a dwelling, armed only with their own subjective suspicion that illegal activity was afoot, and wait for some suspicious movement, thereby giving them justification to break down the door and burst into the dwelling. Officers then would be equipped with the power to conduct any warrantless quest for evidence of guilt or of crime. Consequently, the suspicious movement *581 which occurred when the police announced their presence cannot supply the exigent circumstances for the war-rantless search.
Id. at 904 (citation omitted). Noting that there was no claim that police lacked sufficient time to secure a search warrant, it reversed the order of denial. Id.
Levine is directly on point. As in Levine, our review of the record reflects that the actions of Fuller in knocking on the motel room door without a warrant and identifying himself as police triggered the excitement. Here, too, as in Levine, there was no showing that there was insufficient time for police to obtain a search warrant prior to entering Rebello’s room. Thus, we reverse the denial of Rebello’s motion to suppress.
REVERSED.
POLEN, STEVENSON and TAYLOR, JJ., concur.

. Originally, he was sentenced to 40.35 months in jail with credit for time served. He them moved to correct his "illegal” sentence. Pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), the court vacated his sentence.

. A hotel or motel room is considered a private dwelling if the occupant is there legally, has paid or arranged to pay, and has not been asked to leave. Wassmer v. State, 565 So.2d 856, 857 (Fla. 2d DCA 1990).