BARFIELD, J.
Appellant challenges the denial of a motion to suppress evidence seized in the warrantless search of his motel room, which resulted in convictions for drug offenses. He contends that the trial judge erred in denying his motion to suppress the evidence seized from the motel room, based on the “exigent circumstances” exception to the warrant requirement, where the circumstances were very similar to those presented in Gnann v. State, 662 *829 So.2d 406 (Fla. 2d DCA 1995), Levine v. State, 684 So.2d 903 (Fla. 4th DCA 1996), Rebello v. State, 773 So.2d 579 (Fla. 4th DCA 2000), and State v. Garcia, 866 So.2d 124 (Fla. 4th DCA 2004). He asserts that the possibility that illegal drugs might be destroyed did not exist until the police, through an informant, knocked on the motel room door, and that a warrantless entry is not justified when the actions of the police have created the exigent circumstances. We agree.
As in Levine, we are bound by the Florida Supreme Court’s opinion in Hornblower v. State, 351 So.2d 716, 718-19 (Fla.1977), which held that “probable cause itself is not sufficient to support a warrantless search” of a constitutionally protected area like a dwelling or motel room; that “if time to get a warrant exists, the enforcement agency must use that time to obtain the warrant,” absent an exception to the warrant requirement; and that “[l]aw enforcement officers may not sit and wait as here (when they could be seeking a warrant), then utilize their self-imposed delay to create exigent circumstances.” See also, Lee v. State, 856 So.2d 1133 (Fla. 1st DCA 2003).
The order denying the motion to suppress is REVERSED and the case is REMANDED to the trial court for further proceedings consistent with this opinion.
DAVIS and ROBERTS, JJ., concur.